# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JESSE CROWELL, on behalf of himself and )
all others similarly situated, )     C.A. No. 1:23-cv-00013-MN
)
    *Plaintiff,* )
)
v. )
)
FCA US LLC, )
)
    *Defendant.* )

## DEFENDANT FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
## PLAINTIFF'S CLASS ACTION COMPLAINT

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**THOMPSON COBURN LLP**
Stephen A. D'Aunoy
(*to be admitted pro hac vice*)
Scott H. Morgan
(*to be admitted pro hac vice*)
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6354
sdaunoy@thompsoncoburn.com
smorgan@thompsoncoburn.com

# TABLE OF CONTENTS

I. STATEMENT OF THE NATURE AND STATE OF PROCEEDINGS .................................. 1

II. SUMMARY OF ARGUMENT ............................................................................................. 1

III. RELEVANT FACTS ......................................................................................................... 2

    A.    The Alleged Defect. ...................................................................................... 2

    B.    Plaintiff's Vehicle Purchase and Experience. .............................................. 3

    C.    The Written Warranty for Plaintiff's Vehicle. ............................................. 3

    D.    The Proposed Classes, Claims, And Relief Sought. .................................... 4

IV. ARGUMENT ..................................................................................................................... 5

    A.    The Governing Legal Standards. .................................................................. 5

    B.    The Fraud-Based Claims (Counts I, II, IV). ............................................... 5

        1.    No Actionable Representation or Omission. ................................... 5

        2.    No Reliance or Causation. .............................................................. 7

        3.    No Pre-Sale Knowledge. ................................................................ 7

        4.    No Duty To Disclose. ..................................................................... 7

        5.    The Economic Loss Rule (Counts I, II). ........................................ 8

    C.    The Equitable Claims (Counts III, VIII). .................................................... 8

    D.    The Warranty Claims (Counts V, VI, VII). ................................................. 9

        1.    The Implied Warranty Claim (Count V). ....................................... 9

        2.    The MMWA Claim (Count VI). .................................................... 10

        3.    The Express Warranty Claim (Count VII). .................................... 10

    E.    Alternatively, the Nationwide Allegations Should Be Dismissed. ....................... 13

V. CONCLUSION .................................................................................................................. 13

**Page(s)**

**Cases**

*Acker v. Transurgical, Inc.*, 2004 WL 1230945 (Del.Ch. 2004) .....................................................6

*Al-Sabah v. World Business Lenders, LLC*, 2020 WL 3868989 (D.Md. 2020) ...........................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................5

*CGM, LLC v. BellSouth Tele., Inc.*, 664 F.3d 46 (4th Cir. 2011) ..................................................8

*Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575 (D.Md. 2014) .........................................9

*Coba v. Ford Motor Co.*, 932 F.3d 114 (3d Cir. 2019) ................................................................11

*Cooper v. Samsung Elec. America Inc.*, 374 Fed.Appx. 250 (3rd Cir. 2010).............................10

*Davidson v. Apple, Inc.*, 2017 WL 976048 (N.D.Cal. 2017)........................................................12

*Diaz v. FCA US LLC*, 2022 WL 4016744 (D.Del. 2022) ...............................8, 9, 11, 12, 13

*Doberstein v. G-P Indus., Inc.*, 2015 WL 6606484 (Del.Ch. 2015) ..............................................9

*Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356 (6th Cir. 2014)................................13

*Flores v. FCA US LLC*, 2021 WL 1122216 (E.D.Mich. 2021) ....................................................11

*Garcia v. Chrysler Group LLC*, 127 F.Supp.3d 212 (S.D.N.Y. 2015)..........................................12

*Genentech, Inc. v. Amgen Inc.*, 2019 WL 3290167 (D.Del. 2019)...............................................8

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,* 525 Fed.Appx. 94 (3rd Cir. 2013)..........................7

*Intercept Pharms., Inc. v. Apotex Inc.*, 2022 WL 3996355 (D.Del. 2022) ...................................5

*Jones v. Specialized Loan Svc., LLC*, 2023 WL 1442435 (D.Md. 2023) ...................................5, 7

*Kabbaj v. Google Inc.*, 592 Fed.Appx. 74 (3rd Cir. 2015) ...........................................................8

*Kahn v. FCA US LLC*, 2019 WL 3955386 (C.D.Cal. 2019)........................................................12

*King v. Pratt & Whitney Canada Corp.,* 2021 WL 663059 (D.Del. 2021) ...................................6

*Kwintkiewicz v. Bentley Motors, Inc.*, 2011 WL 1336576 (D.Md. 2011) .....................................7

*Landaverde v. Navarro*, 2018 WL 2727907 (Md. Ct. Spec. App. 2018) .........................................8

*Mbongo v. Specialized Loan Svc.*, 2016 WL 8671841 (D.Md. 2016) ..............................................6

*Palmer v. CVS Health*, 2019 WL 6529163 (D.Md. 2019) ..............................................................10

*Professional Maint. Sys., Inc. v. Baltimore County, Maryland*, 2022 WL 2359355 (D.Md. 2022) ....................................................................................................................................6

*Sauer v. Subaru of America, Inc.*, 2020 WL 1527779 (D.N.J. 2020) ............................................11

*Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757 (D.Md. 2012) ...................................10

*State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiro.*, 2018 WL 6514797 (D.Md. 2018) ....................................................................................................................................5

*State v. Philip Morris Inc.*, 1997 WL 540913 (Md.Cir.Ct. 1997) .................................................8

*Tessemae's, LLC v. McDevitt*, 2021 WL 1216669 (D.Md. 2021) ...................................................9

*Thompson v. State of Del. Dept. of Svcs. for Children*, 2020 WL 5775479 (D.Del. 2020) ....................................................................................................................................4

*Truinject Corp. v. Nestle Skin Health, S.A.*, 2020 WL 70981 (D.Del. 2020) ...........................5, 7

*Twardzik v. HP Inc.*, 2022 WL 606092 (D.Del. 2022) ...................................................................7

*Urdan v. WR Capital Partners, LLC*, 244 A.3d 668 (Del. 2020) ...................................................9

*Webb v. Volvo Cars of N.A., LLC*, 2018 WL 1470470 (E.D.Pa. 2018) ........................................11

*Woo v. Am. Honda Motor Co., Inc.*, 426 F.Supp.3d 1009 (N.D.Cal. 2020) .................................12

# I.  STATEMENT OF THE NATURE AND STATE OF PROCEEDINGS

Plaintiff brings this action on behalf of a putative nationwide class based on allegations his vehicle is defective.  *See, generally*, Class Action Complaint ("Complaint"), D.I. 1.  According to him, the "electric-only operation" of his hybrid plug-in vehicle is "impossible" at times, "particularly during the winter," but the few ***facts*** he alleges contradict the legal claims he asserts. Thus, because the claims lack any viable basis, Defendant FCA US LLC moves to dismiss them.

# II.  SUMMARY OF ARGUMENT

This Court should dismiss the Complaint because:

1.      Plaintiff's fraud-based claims, including his statutory consumer protection claim and claim for unjust enrichment, fail for a number of independent reasons, including Plaintiff's failure to plausibly allege any actionable misrepresentation or omission, the existence of pre-sale knowledge, or circumstances giving rise to a duty to disclose.  Plaintiff's common law fraud claims are also barred by the economic loss doctrine and should be dismissed for that reason as well. (Counts I, II, IV, VIII)

2.      Plaintiff lacks standing to seek relief under his equitable claims because he pleads no facts showing any injury-in-fact that is redressable by equitable relief.  The equitable claims are also subject to dismissal because there are no allegations showing Plaintiff's legal remedies are inadequate and because they are duplicative of Plaintiff's other claims.  Furthermore, Plaintiff's standalone "equitable injunctive and declaratory relief" claim constitutes a remedy recoverable by way of a substantive underlying claim and not as an independent cause of action.  And, finally, the unjust enrichment claim fails for the additional reason that an express warranty defines the parties' rights and expectations.  (Counts III, VIII)

3.      The implied warranty claim fails because the pleaded facts demonstrate Plaintiff's vehicle is merchantable and because Plaintiff failed to satisfy the applicable pre-suit notice requirement.  (Count V)

4.      Plaintiff's MMWA claim cannot proceed because he has not demonstrated the viability of any underlying warranty claim based on state law.  (Count VI)

5.      The express warranty claim fails because Plaintiff sues over a design defect, which is not covered by the applicable warranties, and because Plaintiff fails to plead facts establishing a breach of any applicable warranty.  (Count VII)

6.      If the Complaint is not dismissed in its entirety, Plaintiff's allegations of a nationwide class action should be dismissed and/or stricken for lack of standing.  (Counts I, II, V, VI, VII, VIII)

## III.  RELEVANT FACTS

### A.  The Alleged Defect.

Plaintiff's action is premised on the notion that certain plug-in hybrid Jeep Wrangler 4xe vehicles are defective.  *See* D.I. 1, ¶¶ 1-3.  He asserts these vehicles have "both a gasoline engine and electric motors to enable gasoline-only, battery-only—or a combination of the two—driving," but he complains that a "Fuel and Oil Refresh Mode" feature ("FORM") "manifest[s] … for extended periods of time, which makes electric-only operation impossible."  *Id.* at ¶¶ 3, 23.  Plaintiff avers this condition "is particularly prevalent in cold weather" and, though drivers can still use their vehicles, "deprives the user of access to plug-in powered driving."  *Id.* at ¶¶ 3, 29.

The FORM feature "maintains engine lubrication properties if the system detects a stale fuel or aged oil condition after a long period without combustion engine operation."  *Id.* at ¶ 28 (internal marks omitted).  And Plaintiff admits its purpose is "to prevent engine and/or fuel system

damage" since "it is possible to operate this vehicle for extended periods of time without running the gas engine." *Id.* at ¶ 30. Despite this, Plaintiff faults FCA US because, in his opinion, FORM "manifest[s] far more often and longer than reasonable." *Id.* at ¶ 29.

## B. Plaintiff's Vehicle Purchase and Experience.

In May 2021, Plaintiff Jesse Crowell purchased a model-year 2021 "Jeep Wrangler Unlimited 4xe" vehicle from the Keene Dodge Chrysler Jeep dealership in Jarrettsville, Maryland. *Id.* at ¶ 44. In October 2021, after the vehicle had been driven approximately 5,000 miles, Plaintiff states the "FORM message" illuminated and he "was unable to drive off of electric power alone." *Id.* at ¶ 48.

A month later, in November 2021, Plaintiff called an unspecified "local dealership" about the condition, but he did not present his vehicle for a diagnosis because "there was no loaner car available." *Id.* at ¶ 49. He never followed up after that because he alleges reading on "Facebook" that "other dealers" were telling customers the subject vehicles "were performing normally." *Id.* at ¶ 50. In December 2021, Plaintiff "changed [his vehicle's] oil himself," and the next day "the FORM message again displayed on his dashboard." *Id.* at ¶ 51. After three hours of running his vehicle, "the FORM message remained." *Id.*

Plaintiff offers no other facts concerning the "electric-only" operation of his vehicle, or any other aspect about it, for his nearly two years of ownership (and counting). *See*, *generally*, D.I. 1.

## C. The Written Warranty for Plaintiff's Vehicle.

Upon purchase, Plaintiff's vehicle was accompanied by a three-year/36,000 mile Basic Limited Warranty that covered defects "in material, workmanship or factory preparation." *See*

warranty booklet, attached as Exhibit A, pp. 6-7.[1]  The vehicle was also covered by a five-year/60,000 mile Powertrain Limited Warranty for certain powertrain components that were defective "in workmanship and materials," as well as a ten-year/150,000 mile warranty covering the hybrid vehicle's high-voltage battery. *Id.* at pp. 9, 11.  The warranties set forth in his vehicle's warranty booklet "are the ***only*** express warranties … for [his] vehicle."  *Id.* at p. 4 (emphasis added).

### D.  The Proposed Classes, Claims, And Relief Sought.

Plaintiff brings claims on behalf of a putative class comprised of "[a]ny person in the United States who purchased or leased, other than for resale, a [model-year 2021 Jeep Wrangler 4xe vehicle]."  *See* D.I. 1, ¶¶ 1, 54.  A state-based subclass is similarly defined for those who "bought or leased" a subject vehicle in Maryland.  *Id.* at ¶ 55.

On behalf of the putative nationwide class, Plaintiff asserts claims for: fraud by omission (Count I); fraud by affirmative misrepresentation (Count II); breach of implied warranty (Count V); violation of the Magnuson-Moss Warranty Act ("MMWA") (Count VI); breach of express warranty (Count VII); and "unjust enrichment/restitution" (Count VIII).  *Id.* at ¶¶ 62-85, 105-153.  For the Maryland subclass, Plaintiff asserts claims for: equitable injunctive and declaratory relief (Count III); and violation of the Maryland Consumer Protection Act ("MCPA") (Count IV).  *Id.* at ¶¶ 86-104.

For relief, Plaintiff seeks to recover damages arising from the alleged overpayment for, and diminished value of, the subject vehicles; vehicle buy-backs and other injunctive relief; "restitution

---

[1]The Complaint refers to Plaintiff's vehicle warranties, which in turn form the basis of his claims, thus the Court may consider them when ruling on this Motion.  *See*, *e.g.*, *Thompson v. State of Del. Dept. of Svcs. for Children*, 2020 WL 5775479, *6 n.6 (D.Del. 2020).

and disgorgement"; punitive and exemplary damages; and attorneys' fees and costs. *Id.* at ¶¶ 72, 84-85, 88-89, 103-104, 118, 128, 153; *see also id.*at p. 51 ("Prayer for Relief").

## IV. ARGUMENT

### A. The Governing Legal Standards.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. The Fraud-Based Claims (Counts I, II, IV).

Rule 9(b)'s heightened pleading standard applies to each of these claims (*see, e.g.*, *Jones v. Specialized Loan Svc., LLC*, 2023 WL 1442435, *3 (D.Md. 2023) (MCPA); *State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiro.*, 2018 WL 6514797, *2-3 (D.Md. 2018) (common law fraud, unjust enrichment)), which are all based on essentially identical allegations of supposed misrepresentations and omissions in the sale of Plaintiff's vehicle. *See* D.I. 1, ¶¶ 62-85, 90-104. Dismissal of Counts I, II, and IV is required for multiple, independent reasons.

#### 1. No Actionable Representation or Omission.

Plaintiff's allegations do not satisfy Rule 8(a), much less the heightened pleading requirements of Rule 9(b). For a claim based on a supposed misrepresentation, Rule 9(b) requires that the plaintiff plead "the specific who, what, when, where, and how" of it. *Intercept Pharms., Inc. v. Apotex Inc.*, 2022 WL 3996355, *1 (D.Del. 2022). They "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Truinject Corp. v. Nestle Skin Health, S.A.*, 2020

WL 70981, *9 (D.Del. 2020); *see also King v. Pratt & Whitney Canada Corp.*, 2021 WL 663059, *4 (D.Del. 2021); *Professional Maint. Sys., Inc. v. Baltimore County, Maryland*, 2022 WL 2359355, *4 (D.Md. 2022).[2]

Plaintiff identifies only one representation he supposedly relied on in purchasing his vehicle, stating that the subject vehicles are "capable of up to 21 miles of nearly silent, zero-emission, electric-only propulsion." *See* D.I. 1, ¶ 45; *see also id.* at ¶¶ 17, 77. But Plaintiff fails to aver when, where, or how he saw the supposed statement. *See*, *generally*, D.I. 1. Moreover, nowhere in the Complaint does Plaintiff allege his vehicle is not so capable. *Id.* Nor does he ever claim the statement is untrue or plausibly explain how it is misleading. *Id.* The allegations wholly fail to plead a viable claim for any misrepresentation.

Plaintiff likewise fails to plead any omission-based claim. Among other things, Plaintiff needed to "plead the time, place, and contents of the omission, the identity of the person(s) making the omission, and what he intended to obtain thereby." *Acker v. Transurgical, Inc.*, 2004 WL 1230945, *3 (Del.Ch. 2004); *see also Mbongo v. Specialized Loan Svc.*, 2016 WL 8671841, *7 (D.Md. 2016) (same). Plaintiff also needed to show FCA US "intended to defraud or deceive" him. *Al-Sabah v. World Business Lenders, LLC*, 2020 WL 3868989, *20 (D.Md. 2020). But he pleads no **facts** about when or where he was exposed to any purported omission, and no **facts** to suggest any intent on FCA US's part to defraud or deceive.

---

[2]A plaintiff must allege **facts** showing: (i) the defendant made a false representation to the plaintiff, (ii) its falsity was known to the defendant or the representation was made with reckless indifference, (iii) the misrepresentation was made for the purpose of defrauding the plaintiff, (vi) the plaintiff relied on the misrepresentation and had the right to rely on it, and (v) the plaintiff suffered compensable injury resulting from the misrepresentation. *See*, *e.g.*, *Professional Maint.*, 2022 WL 2359355 at *4.

### 2. No Reliance or Causation.

Reliance and/or causation are elements of each fraud-based claim Plaintiff asserts. *See Truinject*, 2020 WL 70981 at *9; *Jones v. Spec. Loan Svc., LLC*, 2023 WL 1442435, *3, 5 (D.Md. 2023). Other than the "reported 21-mile electric range," Plaintiff sets forth no facts showing he ever relied on any *specific* statement or omission by FCA US, or that any such deception caused him to purchase his vehicle. *See* D.I. 1, ¶ 45. And, again, as it relates to the purported representation of a "21-mile electric range," Plaintiff does not aver it is false. *See*, *generally*, D.I. 1. To the extent Plaintiff attempts to premise his claims on vague references to "ad campaigns," sales and marketing brochures, television commercials, third-party information online, general sales pitches or "reputation," such is textbook puffery. *See*, *e.g.*, *Twardzik v. HP Inc.*, 2022 WL 606092, **4-5 (D.Del. 2022).

### 3. No Pre-Sale Knowledge.

Plaintiff must plead *facts* showing FCA US knew about the alleged defect *before* his vehicle purchase. *See*, *e.g.*, *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.,* 525 Fed.Appx. 94, 104-05 (3rd Cir. 2013); *Jones*, 2023 WL 1442435 at *5. He pleads none. This deficiency alone requires dismissal of each Plaintiff's fraud-based claims.

### 4. No Duty To Disclose.

For a viable omission claim, Plaintiff needed to plead facts showing FCA US had a duty to disclose the alleged defect arising from "a fiduciary or special relationship" or "a partial and fragmentary statement of fact." *Kwintkiewicz v. Bentley Motors, Inc.*, 2011 WL 1336576, *3 (D.Md. 2011). Here, Plaintiff pleads no such confidential relationship, nor any "partial and fragmentary" statement. *See*, *generally*, D.I. 1; *see also id.* at ¶ 65. Without such allegations, no duty to disclose exists and no omission-based claim is possible.

**5. The Economic Loss Rule (Counts I, II).**

To the extent the Court declines to dismiss Plaintiff's common law fraud claims on other grounds, the economic loss doctrine bars them. *See*, *e.g.*, *Landaverde v. Navarro*, 2018 WL 2727907, *15 n.6 (Md.Ct.Spec.App. 2018). Here, Plaintiff avers purely economic damages (*see*, *generally*, D.I. 1), and thus the claims are barred.

**C. The Equitable Claims (Counts III, VIII).**

Plaintiff asserts claims for "Equitable Injunctive and Declaratory Relief" and Unjust Enrichment, both of which should be dismissed. *See* D.I. 1, ¶¶ 86-89, 144-153.

*First*, Plaintiff lacks standing to seek restitution, recission, or disgorgement because there are no ***facts*** pleaded that show "any injury in fact redressable by [those remedies]." *See Diaz v. FCA US LLC*, 2022 WL 4016744, *11-12, 14-16 (D.Del. 2022) ("mere assertions that FCA [US] wrongfully or inequitably charged high prices cannot replace plainly stated factual content showing ***what*** excess profits Defendant obtained from Plaintiffs that could possibly be restituted or otherwise disgorged") (emphasis in original).

*Second*, "declaratory and injunctive relief are remedies rather than causes of action." *Kabbaj v. Google Inc.*, 592 Fed.Appx. 74, *74 n.2 (3rd Cir. 2015); *see also CGM, LLC v. BellSouth Tele., Inc.*, 664 F.3d 46, 55-56 (4th Cir. 2011) ("[a] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred"). Because it is not a standalone claim, Count III should be dismissed.

*Third*, there are no allegations showing Plaintiff's legal remedies are inadequate. This is a threshold requirement for pleading any equitable claim, and its absence requires dismissal. *See*, *e.g.*, *Genentech, Inc. v. Amgen Inc.*, 2019 WL 3290167, *3 (D.Del. 2019); *State v. Philip Morris Inc.*, 1997 WL 540913, *15 (Md.Cir.Ct. 1997).

*Fourth*, Plaintiff's equitable claims are predicated on the same alleged conduct as his other claims. *Compare*, *generally*, D.I. 1, *with id.* at ¶¶ 86-89, 144-153. As such, they should be dismissed as duplicative. *See, e.g.*, *Urdan v. WR Capital Partners, LLC*, 244 A.3d 668, 680 (Del. 2020); *Doberstein v. G-P Indus., Inc.*, 2015 WL 6606484, *6 (Del.Ch. 2015) (dismissing unjust enrichment claim where plaintiff had not "identified any factual basis for her unjust enrichment claim independent of the allegations relating to her [other claims]").

*Fifth*, Rule 9(b) applies to unjust enrichment claims sounding in fraud. *Diaz*, 2022 WL 4016744, *22. Count VIII falls short of Rule 9(b)'s specificity requirements for the same reasons as the other fraud-based claims do. *See* § IV.B.1., *supra*.

*Sixth*, no unjust enrichment claim is legally viable where an express warranty exists to define the parties' rights and expectations. *See, e.g.*, *Tessemae's, LLC v. McDevitt*, 2021 WL 1216669, *12 (D.Md. 2021). Plaintiff's vehicle was sold with an express warranty (*see* § III.C, *supra*), thus no claim for unjust enrichment claim should survive.

## D. <u>The Warranty Claims (Counts V, VI, VII).</u>

Plaintiff asserts claims for breach of implied warranty, violation of the MMWA, and breach of express warranty. Each fails to state any viable claim. *See* D.I. 1, ¶¶ 105-143.

### 1. **The Implied Warranty Claim (Count V).**

"[W]here a car can provide safe, reliable transportation, it is generally considered merchantable." *Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 615-16 (D.Md. 2014) (quoting *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 297 (4th Cir. 1989)). Here, Plaintiff makes no allegation that the vehicle is unsafe or that it cannot provide reliable transportation. *See*, *generally*, D.I. 1. All Plaintiff claims is that his vehicle did not run on "electric only" power in the winter months between "October 2021 and February 2022" as often as he would have liked it to.

*See*, *e.g.*, *id.* at ¶ 48.  But the averments in the Complaint show ***his vehicle was operating just as it was supposed to***.  The vehicle's Owner's Manual advises "[f]requent short trips at low ambient temperature conditions are more likely to trigger the lubrication based mode," *i.e.*, FORM, and Plaintiff acknowledges his commute to work is just eleven miles.  *Id.* at ¶¶ 31, 52.  In other words, his frequent, short-distance commutes are just the type of driving habit that activates the protective FORM feature.

Dismissal is appropriate for the additional reason that Plaintiff failed to provide adequate pre-suit notice.  *See*, *e.g.*, *Palmer v. CVS Health*, 2019 WL 6529163, *6-7 (D.Md. 2019).  Although Plaintiff avers sending "a notice letter" on December 14, 2022, it provided no information about any supposed breach as to Plaintiff, such as the condition of Plaintiff' vehicle, his purchase, use, or the circumstances surrounding the activation of the FORM feature in his vehicle.  *See* Dec. 14, 2022 letter and response, attached as Exhibit B.  Where adequate notice is not given, "the buyer loses the right of his remedy."  *Palmer*, 2019 WL 6529163 at *7; *see also Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 772 (D.Md. 2012) ("[I]f a plaintiff wishes to assert a breach of implied warranty against a manufacturer, the plaintiff must notify the immediate seller of the breach.").

## 2.  The MMWA Claim (Count VI).

Plaintiff's MMWA claim stands or falls with his state-law warranty claims.  *See, e.g.*, *Cooper v. Samsung Elec. America Inc.*, 374 Fed.Appx. 250, 254 (3rd Cir. 2010).  The MMWA claim should be dismissed because the state law warranty claims upon which it is based fail.

## 3.  The Express Warranty Claim (Count VII).

The express warranty claim fails for multiple reasons.

*First*, Plaintiff predicates his express warranty claim on statements purportedly taken from the vehicle's Owner's Manual and general advertising material.  *See* D.I. 1, ¶¶ 130-136.  These efforts fail.  Plaintiff does not plead any ***facts*** showing any other express promises were made, what specifically those were, or that he relied on such promises.  *See, e.g.*, *Webb v. Volvo Cars of N.A., LLC*, 2018 WL 1470470, *7 (E.D.Pa. 2018).  And, even if he had, the warranty booklet for his vehicle clearly states "[t]he warranties contained in this booklet are the ***only*** express warranties … for your vehicle."  *See* Ex. A, p. 4 (emphasis added).  This limitation is fully enforceable, and it precludes Plaintiff from pursuing any express warranty claim based on other purported promises.  *See, e.g.*, *Flores v. FCA US LLC*, 2021 WL 1122216, *6-7 (E.D.Mich. 2021) (collecting cases).

*Second*, to the extent Plaintiff attempts to premise any claim on the 3-year/36,000 mile Basic Limited Warranty, it covers only defects in material, workmanship, or factory preparation.  *See* Ex. A, p. 6; *see also, e.g.*, *Diaz*, 2022 WL 4016744 at *34-35 ("the court agrees that warranty language referencing 'material, workmanship or factory preparation' is synonymous with manufacturing defects, and because there is no warranty language incorporating design or other defects here, the court determines that FCA [US]'s Basic Limited Warranty unambiguously provides coverage ***exclusively*** for manufacturing defects") (emphasis added); *Sauer v. Subaru of America, Inc.*, 2020 WL 1527779, *6 (D.N.J. 2020) ("plain and ordinary meaning of the term 'defects in materials or workmanship' unambiguously excludes 'design defects'") (internal marks omitted).

A plain reading of Plaintiff's averments, including those that claim the alleged defect exists in ***every*** one of the subject vehicles, confirm that a design defect, not a manufacturing defect, is at issue.  *See, e.g.*, D.I. 1, ¶¶ 1, 3, 16, 54, 100(B), 126; *see also, e.g.*, *Coba v. Ford Motor Co.*, 932 F.3d 114, 123-24 (3d Cir. 2019) (allegations of a defect in "every product of a line" pleads only

"a design defect"); *Diaz*, 2022 WL 4016744 at *35 ("while Plaintiffs incorporate the term 'manufacturing' in their conclusions that the Class Vehicles were defective, they repeatedly allege that the Defect is ***common to all Class Vehicles***") (emphasis in original); *Woo v. Am. Honda Motor Co., Inc.*, 426 F.Supp.3d 1009, 1017 (N.D.Cal. 2020) (allegations of a uniform defect in "all" vehicles of a particular make and model-year "evidenc[es] a design rather than manufacturing defect"); *Garcia v. Chrysler Group LLC*, 127 F.Supp.3d 212, 224, 226-27 (S.D.N.Y. 2015) (claim was necessarily about a design defect despite "offhand references" to manufacturing because a "***common*** defect" was alleged in "every single vehicle") (emphasis in original).[3]   Because Plaintiff's breach of warranty claim is premised on a purported "defective design," it does not fall within the scope of the vehicle's Basic Limited Warranty.

*Third*, the claim should be dismissed because Plaintiff does not set forth ***facts*** showing any breach occurred.  *See* D.I. 1, ¶¶ 44-51.  FCA US does not warrant a defect-free vehicle (no car manufacturer can or does), and its warranties provide written notice that a vehicle may actually have defects.  *See*, *e.g., Kahn v. FCA US LLC*, 2019 WL 3955386, *7 (C.D.Cal. 2019) (explaining that written warranties "specifically contemplate that repairs would need to be made").  The written warranty promises a "repair" of certain defects, but only if a vehicle is presented at a dealership within the applicable warranty period and found to be "defective in material, workmanship or factory preparation."  *See* Ex. A, p. 6.  Here, Plaintiff has never even presented his vehicle for a repair, nor does he plead ***facts*** establishing a basis for any other breach of any other supposed warranty.  *See* D.I. 1, ¶¶ 43-53.

---

[3]"A manufacturing defect exists when an item is produced in a substandard condition, and [s]uch a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line.  A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *Davidson v. Apple, Inc.,* 2017 WL 976048, *11 (N.D.Cal. 2017).

*Fourth*, Plaintiff's bald averments that the written warranty "fails of its essential purpose" or that the warranty limitations are "unconscionable" cannot save his express warranty claims. *Id.* at ¶¶ 139, 141-142. The "failure of essential purpose" doctrine does ***not*** create a breach where one would not otherwise exist—it simply provides a waiver of ***remedy*** limitations ***once a breach is proven***. *See, e.g.*, U.C.C. 2-719(2) & cmt. 1. And Plaintiff wholly fails to plead any facts demonstrating the written warranty or its limitations are unconscionable. *See, e.g.*, *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 365-66 (6th Cir. 2014).

## E.  Alternatively, the Nationwide Allegations Should Be Dismissed.

In the event this Court does not dismiss the Complaint in its entirety, it should nevertheless dismiss the "nationwide" class allegations. *See*, *e.g.*, *Diaz*, 2022 WL 4016744 at *17-19. Plaintiff attempts to assert claims on behalf of a nationwide class for fraud by omission (Count I), fraud by affirmative misrepresentation (Count II), breach of implied warranty (Count V), violation of the MMWA (Count VI), breach of express warranty (Count VII), and unjust enrichment (Count VIII), but these claims are governed by state law and Plaintiff does not even attempt to plead them under the laws of each of the fifty states. *See* D.I. 1, ¶¶ 62-85, 105-153. Furthermore, Plaintiff lacks standing to assert claims under the laws of states where he does not reside and did not purchase any vehicle. *See*, *e.g.*, *Diaz*, 2022 WL 4016744 at *16-19. Hence, the nationwide class allegations should be dismissed.

## V.  CONCLUSION

For the reasons set forth herein, Defendant FCA US LLC requests that this Court dismiss Plaintiff's Class Action Complaint in its entirety. Alternatively, FCA US LLC requests that this Court dismiss or strike the class allegations therein.

Dated: February 27, 2023

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

-and-

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (*to be admitted pro hac vice*)
Scott H. Morgan (*to be admitted pro hac vice*)
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6354
sdaunoy@thompsoncoburn.com
smorgan@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

 /s/ *Patrick M. Brannigan*