# Exhibit B

to FCA US's Motion to Dismiss

Dec. 14, 2022 Letter and Response



December 14, 2022

**VIA CERTIFIED MAIL**

FCA U.S. LLC
ATTN: Legal Department
1000 Chrysler Dr
Auburn Hills, MI 48326

*RE:*   **Pre-Suit Notice Letter**

To Whom It May Concern:

PLEASE TAKE NOTICE that our client, Jesse Crowell (referred to herein as the "Plaintiff") has retained the undersigned law firm to prosecute a class action complaint against FCA U.S. LLC ("FCA") on behalf of himself and all others similarly situated who purchased the 2021 model year Jeep Wrangler 4xe (the "Vehicle"). This letter constitutes his formal notice of the following claims: common law fraud, equitable injunctive and declaratory relief, Maryland Consumer Protection Act, common law breach of implied warranty, Magnuson-Moss Warranty Act, breach of express warranty, and unjust enrichment/restitution. Please direct any communications, written or oral, concerning this matter to my attention.

Plaintiff is a New Jersey resident, who purchased the Vehicle in Maryland. Plaintiff will assert, on behalf of himself and putative class, that FCA concealed a major defect in the Vehicles and misrepresented the Vehicles to customers. Specifically, Plaintiff contends that the purportedly plug-in hybrid Vehicles automatically, improperly, and frequently manifest the Fuel and Oil Refresh Mode for extended periods of time, which makes electric-only operation impossible (the "Defect"). Despite FCA's knowledge that the Defect that renders electric-only operation unavailable for extended periods of time, FCA concealed the Defect and marketed the Vehicles as being thoroughly tested and featuring electric-only drive abilities on par with gasoline-powered driving.

Plaintiff and the putative class members relied to their detriment upon FCA's material omissions and misrepresentations in their decision to purchase or lease the Vehicles. Consequently, customers, including the Plaintiff, paid substantial premiums for the electric-only operation that is rendered frequently inaccessible by the Defect. Plaintiff and the putative class member have been harmed by paying more for Vehicles than they otherwise would have, receiving a vehicle worth less than the one they bargained and paid for, paying for diagnoses, repairs, replacements, paying more for fuel than they otherwise would have, and are left with Vehicles of diminished value and utility. Indeed, had Plaintiff and the putative class members known the true nature of the Vehicles, they would not have purchased or leased the Vehicles or would have paid less for them.

412 H Street N.E., Ste. 302, Washington, D.C., 20002, Tel: (202) 470-3520
www.classlawdc.com



FCA has not recalled the Vehicles, offered its customers suitable repairs or replacements free of charge, or offered to reimburse its customers who have incurred out-of-pocket expenses to repair the defect. As a result of FCA's conduct, Plaintiff and the putative class are entitled to relief under the above-enumerated claims.

Plaintiff, individually and on behalf of the putative class, hereby demands that FCA correct or otherwise rectify the damage caused by the above-described fraudulent, deceptive and unfair trade practices by offering: (1) a buyback of the Vehicles at purchase price (or early return and full refund of any leased Vehicles); (2) free repair of the Defect; (3) compensation for all out-of-pocket repair and inspection expenses incurred by Plaintiff and the putative class members related to the Defect. Otherwise, Plaintiff and the putative class will seek recovery of damages, costs, and fees under applicable state statutes and common law claims. Please note that Plaintiff intends to assert such class allegations on a class-wide basis if the above-described payments to him and putative class members do not occur within a reasonable time of FCA's receipt of this notice letter.

Please contact me at your earliest convenience so that we may discuss this matter. If I do not hear from you, I will assume you do not wish to settle this matter.

Very truly yours,
/s/ *Nicholas A. Migliaccio*
Nicholas A. Migliaccio, Esq.
Jason S. Rathod, Esq.
**MIGLIACCIO & RATHOD LLP**

*Attorneys for Plaintiffs*

Migliaccio & Rathod LLP
412 H St. NE
Washington D.C. DC 20002



USPS CERTIFIED MAIL

9214 8901 4298 0476 5689 82

0007221343000011
FCA U.S. LLC
ATTN: Legal Department
1000 Chrysler Dr
Auburn Hills MI 48326
USA



**Stephen A. D'Aunoy**
314 552 6354 direct
sdaunoy@thompsoncoburn.com

January 18, 2022

**VIA ELECTRONIC & FIRST CLASS MAIL**

Nicholas A. Migliaccio
Jason S. Rathod
*Migliaccio & Rathod LLP*
412 H St. N.E., Ste. 302
Washington, DC 20002
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Re: *Jesse Crowell*

Dear Counsel:

FCA US LLC has retained this firm to respond to the letter you sent on behalf of Jesse Crowell, dated December 14, 2022, and which was received by FCA US on December 22, 2022.

According to the letter, Mr. Crowell purchased a model-year 2021 Jeep Wrangler 4xe vehicle at some unspecified time and from some unspecified seller. According to the letter, the vehicle and other model-year 2021 Jeep Wrangler 4xe vehicles "automatically, improperly, and frequently manifest the Fuel and Oil Refresh Mode for extended periods of time." The letter provides no information about the condition of Mr. Crowell's vehicle, or any other vehicle, at any given time (*e.g.*, when any condition manifested, how often it manifested, how long it remained, the circumstances surrounding the manifestation, whether and where the vehicle was taken for service, what was diagnosed, whether any repairs were attempted, etc.).

On the conclusory premise there is a defect, the letter makes threats of warranty and fraud-based claims against FCA US. The letter, however, sets forth no facts as to how any warranty was breached, or how FCA US supposedly committed any fraud. Because of the pervasive lack of information, FCA US cannot fully respond to the demands Mr. Crowell makes. FCA US thus disputes the claims presented.

Under normal circumstances, FCA US would request that Mr. Crowell provide the relevant sales and service records, as well as descriptions of whatever "omissions and misrepresentations" his threatened fraud claims are based on so that the matter could be investigated. But, since it has come to FCA US's attention that he has already filed a lawsuit, just three weeks after your letter

was sent, it is clear that Mr. Crowell never had any genuine desire for FCA US to look into his claim in an effort to avoid potentially costly litigation. In this regard, we will note that to the extent the letter was intended to satisfy pre-suit notice requirements, it fails. Courts routinely find that "pre-suit" letters sent without providing any meaningful opportunity to avoid litigation are worthless. *See*, *e.g.*, *Reid v. Gen. Motors LLC,* 491 F.Supp.3d 268, 275-76 (E.D.Mich. 2020).

Sincerely,

Stephen A. D'Aunoy