IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE CROWELL, STEPHANIE GELBER, BENER SAKA, PETER NAU, LONNIE HEETER, ROBERT THOMPSON, KENNETH FORST, JASON FIGLEY, MIKE KWIATKOWSKI, and CHRISTOPHER GITTINGS, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>FCA US LLC and STELLANTIS, N.V.,<br><br>      Defendants. | Case No. 1:23-cv-00013-MN |

## Stipulated Tolling Agreement

This Stipulated Tolling Agreement is entered into by Plaintiffs Jesse Crowell, Stephanie Gelber, Bener Saka, Peter Nau, Lonnie Heeter, Robert Thompson, Kenneth Forst, Jason Figley, Mike Kwiatkowski, and Christopher Gittings, and Defendant FCA US LLC, by and through their counsel, and concerns Stellantis N.V. (which is named as a Defendant but has not been served).

WHEREAS, on April 4, 2023, Plaintiffs filed an Amended Complaint in the above action against Defendant FCA US LLC (FCA US) naming Stellantis N.V. (Stellantis) as an additional Defendant.

WHEREAS, Defendant FCA US and Stellantis deny liability and do not admit or concede any actual or potential fault, wrongdoing, or liability or that Plaintiffs have meritorious claims. Nothing about this Agreement or its terms constitutes or shall be construed as, offered or received in evidence as, or deemed to be an admission or indication of fault, liability, wrongdoing, or breach of any duty by FCA US or Stellantis, or that Plaintiffs or any putative class members they seek to represent have the right, capacity or standing to bring any claim against FCA US or Stellantis.

WHEREAS, the Parties are entering into this Agreement so that Plaintiffs need not incur the costs and expense of effectuating service on Stellantis via the Hague Service Convention while this action proceeds against FCA US, and in the Parties' mutual interest of avoiding motion practice under Rule 4(f).

NOW THEREFORE, in consideration of the mutual covenants set forth herein which the Parties deem to be good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, and fully intending to be legally bound, the Parties covenant and agree as follows:

**1. TOLLING AND DISCOVERY**

1.1. <u>Tolling Period</u>. Stellantis agrees to toll or suspend the running of any and all statute of limitations applicable to the claims asserted by the plaintiffs as of the date the initial complaint was filed in this action against Stellantis – April 4,

2023 (the Effective Date). This Agreement shall expire upon the final dismissal (following exhaustion of any appeal rights) of all claims asserted against FCA US in this action (Expiration Date).

1.2. In exchange for Stellantis tolling the applicable statute of limitations, Plaintiffs shall promptly dismiss without prejudice their claims against Stellantis. Provided that all parties cooperate in good faith to facilitate the discovery contemplated by this agreement, Plaintiffs shall not name Stellantis in a future complaint in the litigation.

1.3. To the extent Plaintiffs serve written discovery that calls for documents or information that may be in the possession, custody, or control of Stellantis, FCA US will take responsibility for ensuring that a reasonably diligent search is conducted, and that responsive documents and information are produced, whether in the possession, custody, or control of Stellantis or FCA US, or both, subject to EU limitations and restrictions on the responsive documents and information sought, with such limitations and restrictions to be discussed by counsel for FCA US and Plaintiffs in a meet and confer.

1.4. FCA US maintains the right to make all objections to discovery requests that it deems appropriate, including (without limitation) on the grounds of relevance and proportionality, but will not object to discovery on jurisdictional

grounds or on the basis that the discovery is in the possession, custody, or control of Stellantis, subject to EU restrictions and limitations.

    1.5.  If Plaintiffs seek to take a Rule 30(b)(6) deposition of Stellantis, Plaintiffs will first notify counsel for FCA US and the parties will meet and confer. If the parties disagree about the likelihood a deposition of Stellantis will lead to discovery regarding a nonprivileged matter relevant to any party's claim or defense, the parties shall present the dispute to the Court.  FCA US, however, will not challenge the request to take the deposition on jurisdictional grounds.

    1.6   This stipulation is not intended as, and will not be deemed, a waiver by Stellantis of personal jurisdiction defenses in this or any other action.  This stipulation is not intended as, and will not be deemed, a general appearance by Stellantis or a waiver of Stellantis' right to challenge the Court's personal jurisdiction over Stellantis if Plaintiffs later decide to add Stellantis as a party in the action.  Stellantis reserves all rights, defenses, and objections to the Complaint or other operative pleading in this action should Plaintiffs seek to reinstitute their claims against Stellantis, including but not limited to its right to insist on service pursuant to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U. S. T. 361, T. I. A. S. No. 6638, or the defense of lack of personal jurisdiction.

1.7  Should Plaintiffs seek to reinstate their claims against Stellantis, Stellantis agrees that those claims will relate back to the date of the initial filing of the within action.

**2. OTHER OBLIGATIONS AND UNDERSTANDINGS**

2.1. <u>Entire Understanding</u>. This Agreement contains the entire understanding of the Parties regarding the subject matter hereof.  This Agreement supersedes all other agreements, written or oral, or implied, relating to the same subjects as this Agreement.

2.2. <u>Amendment or Waiver</u>. This Agreement shall not be modified in any respect except by a writing executed by all Parties. The waiver of any rights conferred by this Agreement shall be effective only if made in writing by the waiving party.

2.3. <u>No Liability</u>. This Agreement shall not operate as an admission of liability or wrongdoing by any of the Parties.

2.4. <u>Counterparts</u>. This Agreement may be executed in counterparts and taken together shall constitute one and the same Agreement.

2.5. <u>Effectiveness</u>. This Agreement shall become effective upon the date of the last signature by a party to this Agreement (Effective Date).

**IN WITNESS WHEREOF**, the Parties have executed this Agreement by their respective authorized representatives.

DATED:  June 20, 2023            DELEEUW LAW LLC

/s/ P. Bradford deLeeuw
By:  P. Bradford deLeeuw (Del. Bar # 3569)
1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
brad@deleeuwlaw.com

Nicholas A. Migliaccio (P29077)*
Jason S. Rathod (P18424)*
**MIGLIACCIO & RATHOD LLP**
412 H St. NE, Suite 302
Washington D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Daniel E. Gustafson (MN #202241)
David A. Goodwin (MN # 0386715)
Noah L. Cozad (MN#0402643)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
*dgustafson@gustafsongluek.com*
*dgoodwin@gustafsongluek.com*
*ncozad@gustafsongluek.com*

Scott D. Hirsch (FL Bar No. 50833)
SCOTT HIRSCH LAW GROUP, PLLC
6810 N. St. Road 7
Coconut Creek, FL 33073
Telephone: (561) 569-7062
scott@scotthirschlawgroup.com

*Attorneys for Plaintiffs*

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

-and-

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6354
sdaunoy@thompsoncoburn.com
smorgan@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*