# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE CROWELL, *et al.*, on behalf of themselves and all others similarly situated, | ) )  C.A. No. 1:23-cv-00013-MN ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| FCA US LLC, *et al.*, | ) ) |
| *Defendants*. | ) |

**DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT</u>**

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6354
sdaunoy@thompsoncoburn.com
smorgan@thompsoncoburn.com

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A.    The Fraud-Based Claims (Counts I, II, IV, V, IX, X, XI, XII, XIII, XIV, XVI, XIX). ............................................................................................................. 1

        1.    No Actionable Representation or Omission. ............................................. 1

        2.    No Pre-Sale Knowledge. ............................................................................ 3

        3.    No Duty To Disclose. ................................................................................ 4

        4.    Other State-Specific Reasons For Dismissal. ........................................... 4

    B.    The Equitable Claims (Counts III, VIII). ................................................................ 6

    D.    The Warranty Claims. ............................................................................................. 6

        1.    The Implied Warranty Claims (Counts V, XV, XVII, XVIII). ................... 6

        2.    The MMWA Claim (Count VI). ................................................................ 7

        3.    The Express Warranty Claim (Count VII). ............................................... 8

    E.    Alternatively, the Nationwide Allegations Should Be Dismissed. ........................ 10

V. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brickman v. Maximus, Inc.*, 2023 WL 2563661 (S.D.Ohio 2023) ................................................. 5

*Coba v. Ford Motor Co.*, 932 F.3d 114 (3d Cir. 2019) ................................................................. 8

*Covenant Steel Warehouse, Inc. v. Arauco N.Am., Inc.*, 2021 WL 3401208
  (E.D.Mich. 2021) ....................................................................................................................... 5

*Crestmark v. Silver Birch Sys. LLC*, 2022 WL 2988139 (E.D.Mich. 2022) .................................. 2

*Diaz*, 2022 WL 4016744 at *11-12, 14-16 ........................................................................ 6, 8, 10

*Droesser v. Ford Motor Co.*, 2023 WL 2746792 (E.D.Mich. 2023) ............................................. 5

*Ewalt v. Gatehouse Media Ohio Hldgs. II, Inc.*, 2021 WL 825978 (S.D.Ohio
  2021) .......................................................................................................................................... 1

*Figueora v. Point Park Univ.*, 553 F.Supp.3d 259 (W.D.Pa. 2021) .............................................. 6

*Flores v. FCA US LLC*, 2021 WL 1122216 (E.D.Mich. 2021) ..................................................... 8

*Hickman v. Subaru of America, Inc.* ............................................................................................. 9

*In re Asbestos Litig. Thorne v. Crane Co.*, 2022 WL 2178443 (D.Del. 2022) ..................... 6, 9, 10

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F.Supp.3d 582
  (E.D.Mich. 2018) ....................................................................................................................... 4

*In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090 (D.N.J. 2011) ................................ 10

*In re Sensipar Antitrust Litig.*, 2022 WL 736250 (D.Del. 2022) ................................................. 10

*In re Volkswagen Timing Chain Product Liability Litig.*, 2017 WL 1902160
  (D.N.J. 2017) .................................................................................................................. 5, 7, 8, 9

*Johnson v. FCA US LLC*, 555 F.Supp.3d 488 (E.D.Mich. 2021) .................................................. 4

*Juju, Inc. v. Native Media, LLC*, 2020 WL 3208800 (D.Del. 2020) ............................................. 6

*Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183 (S.D. Fla. 2021) ............................. 3, 4

*Lieberson v. Johnson & Johnson Consumer Co., Inc.*, 865 F.Supp.2d 529 (D.N.J.
  2011) .......................................................................................................................................... 7

*Mandani v. Volkswagen Grp. of Am., Inc.*, 2019 WL 652867 (N.D.Cal. 2019)..............................4

*Masforce Europe, BVBA v. Mastry Marine & Indus. Design, Inc.*, 2013 WL
    12156533 (M.D.Fla. 2013) ........................................................................................7

*Maugain v. FCA US LLC*, 2023 WL 1796113 (D.Del. 2023) ........................................................10

*Morales v. Kimberly-Clark Corp.*, 2020 WL 2766050 (S.D.N.Y. 2020) .........................................3

*Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353 (3d Cir. 2015) ................................................10

*Oliver v. Funai Corp.*, 2015 WL 9304541 (D.N.J. 2015)...................................................................3

*Pierre v. Healthy Beverage, LLC*, 2022 WL 596097 (E.D.Pa. 2022) ...............................................6

*Professional Maint. Sys., Inc. v. Baltimore County, Maryland*, 2022 WL 2359355
    (D.Md. 2022) ............................................................................................................2

*Rieger v. Volkswagen Group of Am.*, 2023 WL 3271116 (D.N.J. 2023).........................................2

*Robinson v. Gen. Motors LLC*, 2021 WL 3036353 (D.Del. 2021) ...................................................5

*Shaaya v. Jaguar Land Rover North America LLC* ..........................................................................9

*Shaker v. Champion Petfoods USA Inc.*, 625 F.Supp.3d 621 (E.D.Mich. 2022)..............................5

*Simon v. Seaworld Parks & Ent., Inc.*, 2022 WL 1594338 (S.D.Cal. 2022) ....................................2

*Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021) .............................................................3, 4

*Sonneveldt v. Mazda Motor of America, Inc.*, 2021 WL 62502 (C.D. Cal. 2021)...........................3

*Takata Airbag Prod. Liab. Litig.*, 2017 WL 2406711, *6 (S.D.Fla. 2017) ......................................5

*Tomasino v. Estee Lauder Cos., Inc.*, 44 F.Supp.3d 251 (E.D.N.Y. 2014) ......................................1

*Webb v. Volvo Cars of N.A., LLC*, 2018 WL 1470470 (E.D.Pa. 2018) ...........................................8

*Weidman v. Ford Motor Co.*, 2020 WL 674348 (E.D.Mich. 2020) .................................................6

*Weisblum v. Prophase Labs, Inc.*, 88 F.Supp.3d 283 (S.D.N.Y. 2015)............................................5

## I. INTRODUCTION

At bottom, Plaintiffs argue their ***hybrid*** electric vehicles are defective because they do not operate like a ***pure*** electric vehicle would. *See*, *generally*, Opposition to Motion to Dismiss, D.I. 22. Despite various claims of deception, each Plaintiff essentially admits they use their vehicle in the exact manner their owners' manuals advise will activate the protective FORM feature, *i.e.*, "[f]requent short trips at low ambient temperature conditions." *See* D.I. 13, ¶ 55; *see also id.* at ¶¶ 87, 93, 100, 107, 119, 122, 138, 141, 147. Plaintiffs' vehicles are operating as designed, their claims lack any viable basis, and this Court should dismiss the FAC.

## II. ARGUMENT

### A. The Fraud-Based Claims (Counts I, II, IV, V, IX, X, XI, XII, XIII, XIV, XVI, XIX).

*Rule 9(b)*: Plaintiffs argue Rule 9(b) does not apply to "many" of their statutory claims but cite authority for just two: the NY § 349 and OCSPA claims. *See* D.I. 22, p. 3.[1] Even if true, this makes no difference because in both instances the plaintiff must still plead ***facts*** identifying a specific representation or omission, show how it is "materially misleading," and explain how it impacted the purchase decision. *See, e.g.*, *Ewalt v. Gatehouse Media Ohio Hldgs. II, Inc.*, 2021 WL 825978, *15-16 (S.D.Ohio 2021); *Tomasino v. Estee Lauder Cos., Inc.*, 44 F.Supp.3d 251, 257-58 (E.D.N.Y. 2014).

#### 1. No Actionable Representation Or Omission.

In an attempt to support an affirmative misrepresentation claim, Plaintiffs point to a "product page" advertising the Wrangler 4xe vehicles are "capable of running in [electric-only] mode 'for up to 21 miles'" and the Grand Cherokee 4xe vehicles "can achieve up to 25 miles of 'pure [electric-only] driving.'" *See* D.I. 22, pp. 4-5 (citing D.I. 13, ¶¶ 38, 46). But these averments

---

[1] Plaintiffs argue Rule 9(b) does not apply to warranty claims, but FCA US never said it did.

fail Rule 9(b)'s standards in two ways.  *First*, Plaintiffs fail to identify any falsity because they do not contend their vehicles are not so capable, only that FORM activates more than they thought it would in cold temperatures.  *See id.*; *see also*, *generally*, D.I. 13.  That Plaintiffs expected their **hybrid** electric vehicles to perform exactly as **pure** electric vehicles would in all circumstances does not make their vehicles' advertised capabilities fraudulent, especially since Plaintiffs admit the owner's manuals for their vehicles told them their own "[f]requent short trips at low ambient temperature conditions are more likely to trigger [FORM]."  *See* D.I. 13, ¶ 55.

*Second*, each Plaintiff makes the same rote allegation that they "consider[ed] … the reported 21 [or 25]-mile electric range," but no Plaintiff specifies when, where, or how they saw it.  *Id.* at ¶¶ 84, 97, 107, 119, 138, 148, 156, 164, 175, 185; *see*, *e.g.*, *Simon v. Seaworld Parks & Ent., Inc.*, 2022 WL 1594338, *4 (S.D.Cal. 2022) (allegations insufficient under Rule 9(b) where plaintiff failed to state whether and when he visited website, what statements he saw there, and which statements he relied upon in making his purchase); *Professional Maint. Sys., Inc. v. Baltimore County, Maryland*, 2022 WL 2359355, *4 (D.Md. 2022) (plaintiff must allege **facts** showing defendant knowingly made a false representation the plaintiff relied on).

For their omission-based claims, Plaintiffs rely heavily on the notion of a "relaxed" Rule 9(b) standard, but they fail to identify any non-conclusory allegations that could support even that lowered bar.  *See* D.I. 22, p. 4.  Rule 9(b)'s pleading standard "is relaxed **slightly** for fraudulent omission claims **where pleading specific times and places** may not be practicable, but a plaintiff must still allege "the context of the omission and the manner in which it misled plaintiff." *Rieger v. Volkswagen Group of Am.*, 2023 WL 3271116, *3 (D.N.J. 2023) (emphases added).  Here, Plaintiffs proffer only their own unmet subjective expectations, which do not reach the level of fraud by omission (or any other kind).  *See, generally,* D.I. 13; *see also Crestmark v. Silver Birch*

*Sys. LLC*, 2022 WL 2988139, *3 (E.D.Mich. 2022) (vague allegations of generic fraud insufficient to withstand Rule 12(b)(6) dismissal).

### 2. No Pre-Sale Knowledge.

Although Plaintiffs argue FCA US had knowledge "as early as May 2021" from online forums it monitored, they identify just one forum, and it conveys just one consumer complaint and several other posts reporting no problems with FORM whatsoever. *See* D.I. 22, p. 5 (citing D.I. 13 ¶ 62 n.41). The one complaint is, **at best**, no more than "a blip on [a manufacturer's] complaints-and-repairs radar" and cannot be viewed as providing the "specific facts" necessary to show pre-sale knowledge of a defect. *See Smith v. Gen. Motors LLC*, 988 F.3d 873, 885-86 (6th Cir. 2021) (requiring "***specific facts***" for pre-sale knowledge) (emphasis added); *Oliver v. Funai Corp.*, 2015 WL 9304541, *4 (D.N.J. 2015) ("imputing knowledge" based on "internet posting[s] would mean that virtually every consumer product company would be subject to fraud claims and extensive discovery" where .. the company's "product broke once and [someone] complained about it on the internet"); *see also Sonneveldt v. Mazda Motor of America, Inc.*, 2021 WL 62502, *6 (C.D. Cal. 2021) ("complaints suffice to establish knowledge only where there were an ***unusual*** number of complaints, such that the manufacturer would be on notice of a specific problem") (emphasis in original); *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1223 (S.D. Fla. 2021) (same); *Morales v. Kimberly-Clark Corp.*, 2020 WL 2766050, *6 (S.D.N.Y. 2020) (online complaints "do[] not, alone, give rise to an inference that Defendant failed to disclose material information").

Plaintiffs also refer to "news articles in trade publications" but, again, identify just one article, and it post-dates each Plaintiff's vehicle purchase with the exception of those by Plaintiffs Forst, Gittings, and Figley. *Compare* D.I. 22, p. 5 (referring to D.I. 13, ¶ 58 n.35), *with* D.I. 13, ¶¶ 83, 96, 106, 118, 137, 147, 155, 163, 174, 184 (identifying dates of vehicle purchases). And,

- 3 -

as it relates to Forst, Gittings, and Figley, they purchased model-year 2022 and 2023 Jeep Wrangler 4xe vehicles, for which the owners' manuals had been updated by the time of their vehicle purchases to disclose the alleged "defect," say Plaintiffs (*see* D.I. 13, ¶¶ 68-70), thus precluding any actionable misrepresentation or omission claim.

Finally, averments of generic pre-release design and testing, without any sort of factual substantiation for what specific tests were performed and what specifically they revealed, are too speculative to support a finding of knowledge. *See* D.I. 22, p. 5; *see also Smith*, 988 F.3d at 885-86 (requiring specific facts); *Johnson v. FCA US LLC*, 555 F.Supp.3d 488, 508 (E.D.Mich. 2021) (no presale knowledge where there was no "allegation that the testing actually made FCA aware of the [alleged defect,] … offer[ing] no more than speculation"); *Lewis*, 530 F.Supp.3d at 1220 (same); *Mandani v. Volkswagen Grp. of Am., Inc.,* 2019 WL 652867, *8 (N.D.Cal. 2019) ("conclusory allegations … based on 'pre-sale design and testing' are insufficient").

### 3. No Duty To Disclose.

Plaintiffs premise a supposed duty to disclose on a "partial or incomplete disclosure" or "superior or special knowledge." *See* D.I. 22, pp. 6-7. But, for the same reasons discussed above, Plaintiffs fail to allege any duty to disclose based either on the former (*see supra*, § II.A.2) or latter (*see supra*, § II.A.3). Not only that, but Plaintiffs aver the owners' manuals for Forst's, Gittings's, and Figley's vehicles actually disclose the purported defect, fulfilling any duty that could conceivably exist. *See* D.I. 13, ¶¶ 68-70.

### 4. Other State-Specific Reasons For Dismissal.

*The Economic Loss Rule*: Plaintiffs' authority is unavailing. In *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F.Supp.3d 582, 590-91 (E.D.Mich. 2018), the court declined to dismiss the fraud claims asserted under Maryland law because "numerous plaintiffs"

had experienced "potentially dangerous unintended movements by their cars," a condition not present here. *See*, *generally*, D.I. 13. In *In re Volkswagen Timing Chain Product Liability Litig.*, 2017 WL 1902160, *17-18 (D.N.J. 2017), the court declined to dismiss the fraud claims asserted under Michigan and Ohio law only because the plaintiffs lacked privity, but authority from those states makes clear that does not preclude the rule's application. *See*, *e.g.*, *Brickman v. Maximus, Inc.*, 2023 WL 2563661, *2 (S.D.Ohio 2023); *Shaker v. Champion Petfoods USA Inc.*, 625 F.Supp.3d 621, 631-33 (E.D.Mich. 2022); *see also*, *e.g.*, *Covenant Steel Warehouse, Inc. v. Arauco N.Am., Inc.*, 2021 WL 3401208, *2-5 (E.D.Mich. 2021). The authority Plaintiffs rely on for the survival of their New York fraud claims acknowledges that not all courts have recognized an exception for intentional misrepresentation claims (*see Weisblum v. Prophase Labs, Inc.*, 88 F.Supp.3d 283, 297 (S.D.N.Y. 2015)) and, in any event, Plaintiff's position is against the weight of authority. *See*, *e.g.*, *Robinson v. Gen. Motors LLC*, 2021 WL 3036353, *11 (D.Del. 2021). Finally, while the economic loss rule may not apply to the PUTPCPL, Plaintiff Figley does not dispute his common law fraud claims are otherwise barred. *See*, *e.g.*, *Takata Airbag Prod. Liab. Litig.*, 2017 WL 2406711, *6 (S.D.Fla. 2017) (Pennsylvania law).

*Prohibition on Monetary Relief*: Plaintiffs argue FCA US continues to conceal the alleged defect (*see* D.I. 22, p. 8), but they aver disclosure of the purported defect in updated versions of the owners' manuals (*see* D.I. 13, ¶¶ 68-70). Plaintiffs thus fail to allege any continuing harm.

*Auto Sales Exempt*: Plaintiff Heeter claims only that FCA US has not directed the Court to the statutory authority exempting the claim. *See* D.I. 22, p. 8. Even if that could obviate dismissal (it cannot), the Michigan Vehicle Code (MCL 257.1, *et seq*) regulates the manufacture, sale, and lease of vehicles. *See*, *e.g.*, *Droesser v. Ford Motor Co.*, 2023 WL 2746792, *22 (E.D.Mich. 2023) (dismissing claim asserted under Mich. CPA as exempted).

B. **The Equitable Claims (Counts III, VIII).**

An unjust enrichment claim requires "***facts*** plausibly establishing that there is no adequate remedy provided by law." *Juju, Inc. v. Native Media, LLC*, 2020 WL 3208800, *6 n.3 (D.Del. 2020) (emphasis added). Plaintiffs essentially argue they can plead their equitable claims "in the alternative" (*see* D.I. 22, p. 10), but, as even the authority they rely on acknowledges, alternative pleading in this context is generally appropriate only when there is some question about "whether a valid, enforceable written contract exists." *See Pierre v. Healthy Beverage, LLC*, 2022 WL 596097, *14 (E.D.Pa. 2022); *Figueora v. Point Park Univ.*, 553 F.Supp.3d 259, 275 (W.D.Pa. 2021). Put another way, there must be ***facts*** suggesting the available adequate remedy at law "might not be valid" or "may not cover the alleged misconduct at issue." *Juju*, 2020 WL 3208800 at *6 n.3. Plaintiffs have not (and do not argue they have) asserted any such facts.

Also, Plaintiffs do not dispute the other grounds FCA US raised for dismissal, *i.e.*, (i) their vehicles were sold with express warranties that govern the parties' rights and expectations; (ii) the absence of any actual injury "redressable" by an equitable remedy (*see Diaz*, 2022 WL 4016744 at *11-12, 14-16); (iii) declaratory and injunctive relief as remedies rather than causes of action; and (iv) the claims' duplicative nature. *See, e.g.*, *In re Asbestos Litig. Thorne v. Crane Co.*, 2022 WL 2178443, *9 (D.Del. 2022) (opposition waived where plaintiffs did not address argument).

D. **The Warranty Claims.**

1. **The Implied Warranty Claims (Counts V, XV, XVII, XVIII).**

Plaintiffs argue their vehicles "were not safe and did not perform as expected." *See* D.I. 22, p. 15. But the FAC is devoid of any pleaded safety issue, and the standard for merchantability is not an "unmet expectation." *See, e.g.*, *Weidman v. Ford Motor Co.*, 2020 WL 674348, **4-5 (E.D.Mich. 2020) (allegations of "safety" issue insufficient where plaintiff continued to use the

vehicle); *Masforce Europe, BVBA v. Mastry Marine & Indus. Design, Inc.*, 2013 WL 12156533, *9 (M.D.Fla. 2013) ("merchantability does not … promise … the goods are exactly as the buyer expected"); *see also Lieberson v. Johnson & Johnson Consumer Co., Inc.*, 865 F.Supp.2d 529, 542 (D.N.J. 2011) (merchantability "only requires that the thing sold be reasonably fit for the **general** purpose for which it is manufactured and sold") (emphasis in original).

Plaintiffs next claim FCA US violated Del. C. 6 § 2-314(f) (requiring that goods "conform to the promises or affirmations of fact made on the container or label if any") (*see* D.I. 22, p. 16), but that was not pleaded. *See* D.I. 13, ¶¶ 261-274, 398-408, 421-439. And, in any event, Plaintiffs point only to a single line in the owner's manual for the model-year 2021 Jeep Wrangler 4xe vehicles advising the engine "may run for a period of up to 20 minutes" ***if*** FORM was activated for the purpose of "maintain[ing] engine lubrication properties," which is just one condition that would activate FORM. *See* D.I. 22, pp. 2, 17. FORM would remain "until the low fuel level warning is activated" if a stale fuel condition was detected. Plaintiffs identify no breach here.

*Pre-Suit Notice*: Plaintiffs argue pre-suit notice is not required for a "remote manufacturer," but even if true, the authority they rely on does not apply to claims in Iowa, Maryland, Minnesota, and Montana. *See Volkswagen Timing Chain*, 2017 WL 1902160 at *13. And the purported "claim" letters show for themselves the complete lack of any substantive information. *See* D.I. 21-5, 21-6, 21-8, 21-10.

**2. The MMWA Claim (Count VI).**

Plaintiffs say nothing different than what FCA US already has, *i.e.*, if the underlying state-law warranty claims are dismissed, so too for the MMWA claim. *See* D.I. 22, p. 19 (citing *Stratis v. BMW of North America, LLC*, 2023 WL 3092188, *10 (D.N.J. 2023) ("claims under the MMWA depend on the disposition of the underlying state law warranty claims").

### 3. The Express Warranty Claim (Count VII).

*First*, Plaintiffs argue that a selectively quoted portion of the owner's manual—*i.e.*, the engine "may run for a period of up to 20 minutes" *if* FORM was activated for the purpose of "maintain[ing] engine lubrication properties"—is the basis of their express warranty claim (*see* D.I. 22, pp. 10-11), but they point to **no pleaded facts** showing they ever saw this statement, let alone plausibly relied on it. *See id.; see also*, *e.g.*, *Webb v. Volvo Cars of N.A., LLC*, 2018 WL 1470470, *7 (E.D.Pa. 2018) (requiring that plaintiff "saw or heard, and also believed" the challenged statement). The authority Plaintiffs rely on says nothing different, and in attempting to distinguish *Flores v. FCA US LLC*, 2021 WL 1122216, *6-7 (E.D.Mich. 2021) Plaintiffs misconstrue its holding. *See* D.I. 22, p. 11. In *Flores*, the court **dismissed** the express warranty claims because they were premised on statements culled from outside the vehicles' respective warranty booklets. 2021 WL 1122216 at *6-7. Here, Plaintiffs plead no **facts** demonstrating a breach of any actual express warranty or the existence of any cognizable "warranty" outside of Plaintiffs' warranty booklets (*see* D.I. 13, ¶¶ 285-294), and those booklets are the only **applicable** warranties.

*Second*, Plaintiffs argue the alleged defect "is not one solely of design" (*see* D.I. 22, pp. 11-12), but the actual averments speak for themselves (*see* D.I. 13, ¶¶ 1, 3, 30, 191-192, 238.B., 282). Where a plaintiff alleges every "product of a line" of vehicles is defective, as Plaintiffs do here (*see id.* at ¶¶ 1, 3), this denotes "a design defect." *Coba v. Ford Motor Co.*, 932 F.3d 114, 123-24 (3d Cir. 2019); *see also Diaz*, 2022 WL 4016744 at *35 ("while Plaintiffs incorporate the term 'manufacturing' in their conclusions that the Class Vehicles were defective, they repeatedly allege that the Defect is **common to all Class Vehicles**") (emphasis in original). Plaintiffs' authority is inapt. *See* D.I. 22, p. 12. In *In re Volkswagen*, there were **specific** allegations about the ways in

which the subject ***materials*** were defective. 2017 WL 1902160 at *12. In *Hickman v. Subaru of America, Inc.*, the plaintiffs alleged there were certain "material and/or workmanship defects" in the hydraulic pressure system, CVT chain, and transmission wiring harness. 2022 WL 11021043, *1 (D.N.J. 2022). And, in *Shaaya v. Jaguar Land Rover North America LLC*, the "warning lights" at issue did not "malfunction in [the] same way across all vehicles," thus the purported defect was not "systemic." 2022 WL 2341599, *9 (D.N.J. 2022).

*Third*, Plaintiffs argue FCA US breached the written warranties for their vehicles because dealerships "refused repairs" or "performed ineffective repairs" (*see* D.I. 22, p. 14), but the pleaded facts show no such thing. *See* D.I. 13, ¶¶ 82-190. Of the ten named Plaintiffs, only four ever presented their vehicles to a dealership, and of those four vehicles: three had "no issues" or were determined to be "driving as designed" (*id.* at ¶¶ 151, 159, 178), and the fourth was repaired for free, having the oxygen sensor replaced, the engine oil changed, and the battery charged (and it apparently has not had any further FORM-related problems, ranging from forty miles-per-gallon in the summer months to seventeen miles-per-gallon in the winter months) (*id.* at ¶¶ 167-170).

*Fourth*, Plaintiffs concede (by not disputing) that their bald allegations of the written warranty failing "its essential purpose" is not an actionable breach and cannot be the basis of any express warranty claim, nor do Plaintiffs dispute the absence of any plausible suggestion, let alone facts demonstrating, that the written warranty or its limitations are unconscionable. *See*, *generally*, D.I. 22, pp. 10-15; *see also*, *e.g.*, *In re Asbestos Litig. Thorne*, 2022 WL 2178443 at *9 (opposition waived where plaintiffs did not address argument).

*Fifth*, Plaintiffs also do not dispute dismissal of their express warranty claims in Count VII for the additional reason that they failed to provide adequate pre-suit notice. *See*, *generally*, D.I. 22, pp. 10-15; *see also*, *e.g.*, *In re Asbestos Litig. Thorne*, 2022 WL 2178443 at *9.

## E. Alternatively, The Nationwide Allegations Should Be Dismissed.

Plaintiffs rely on *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015) (*see* D.I. 22, p. 19), but *Neale* does not bear on the issue, *i.e.*, whether "the **named** plaintiffs[] [have] standing to bring common law claims on behalf of residents of states in which the named plaintiffs do not themselves reside, when those common law claims will be governed by state substantive law." *See Diaz*, 2022 WL 4016744 at *17 (emphasis in original). **They do not**. "[N]amed plaintiffs cannot bring claims on behalf of putative class members unless they have standing to bring those claims themselves." *Id.* at *18.

And, while the court in *Maugain v. FCA US LLC*, 2023 WL 1796113, *5 (D.Del. 2023) deferred the standing question until the class certification stage, deferral is against the weight of authority. *See*, *e.g.*, *Diaz*, 2022 WL 4016744 at *16-19 ("issue of standing is most expediently and properly decided at the outset of litigation here [at the motion to dismiss stage]"); *In re Sensipar Antitrust Litig.*, 2022 WL 736250, *17-18 (D.Del. 2022) ("no practical benefit to waiting") (citing *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020) ("if the class representative lacks standing, then there is no Article III suit to begin with—class certification or otherwise")); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, *10 (D.N.J. 2011) (if a plaintiff could "bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states," then anyone would be able to "drag[]" any defendant "into expensive nationwide class discovery").

## V. CONCLUSION

For the reasons set forth herein and in its opening brief, Defendant FCA US LLC requests that this Court dismiss Plaintiffs' First Amended Class Action Complaint in its entirety. Alternatively, FCA US LLC requests that this Court dismiss or strike the class allegations therein.

Dated: June 30, 2023

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

-and-

**THOMPSON COBURN LLP**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6354
sdaunoy@thompsoncoburn.com
smorgan@thompsoncoburn.com

*Attorneys for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

        /s/ *Patrick M. Brannigan*