# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE CROWELL, STEPHANIE GELBER, BENER SAKA, PETER NAU, ROBERT THOMPSON, KENNETH FORST, JASON FIGLEY, MIKE KWIATKOWSKI, CHRISTOPHER GITTINGS, and LONNIE HEETER, on behalf of themselves and all others similarly situated, | Case No. 1:23-cv-00013-MN |
| Plaintiffs, | |
| v. | |
| FCA U.S. LLC, | |
| Defendant. | |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL AND LIAISON COUNSEL

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND .............................2

III.   ARGUMENT...........................................................................4

      1.    It is Appropriate for the Court to Appoint Interim
            Class Counsel at this Early Juncture .................................4

      2.    Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP,
            David A. Goodwin and Noah L. Cozad of Gustafson Gluek PLLC,
            and Scott D. Hirsch of Scott Hirsch Law Group PLLC Should Be
            Appointed as Class Counsel..............................................7

            a.    Proposed Interim Class Counsel Performed Substantial
                   Work in Investigating this Action...........................8

            b.    Proposed Interim Class Counsel Have Relevant
                   Experience and Knowledge of the Applicable Law ..............9

            c.    Proposed Interim Class Counsel Are Committed to
                   Representing and Advancing the Interests of the Class .......18

      3.    deleeuw Law LLC (P. Bradford deLeeuw) Should be Appointed as
            Liaison Counsel……………………………………………….. 19

IV.   CONCLUSION ......................................................................20

# TABLE OF AUTHORITIES

## CASES

*Beture v. Samsung Elecs. Am., Inc.*,
    No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar.
    27, 2018) ...................................................................................................................4

*Carlotti v. Asus Comput. Int'l*,
    No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D.
    Cal., Jun. 22, 2020) .................................................................................................17

*DeMarco v. AvalonBay Communities, Inc.*,
    No. 15-628-JLL-JAD, ECF No. 18 (D.N.J. Mar. 17, 2015)..................................5

*Diaz v. Nintendo of America, Inc.*,
    No. 2:19-cv-01116-TSZ (W.D. Wash. Sept. 17, 2019)........................................6

*Durso v. Samsung Elecs. Am.*,
    Civil Action No. 2:12-cv-5352 (DMC)(JAD), 2013 U.S. Dist.
    LEXIS 111412 (D.N.J. Aug. 5, 2013) ...................................................................9

*Henderson v. Volvo Cars of N. Am., LLC*,
    Civil Action No. 09-cv-4146(DMC)(JAD), 2010 U.S. Dist. LEXIS
    151733 (D.N.J. Nov. 1, 2010).............................................................................4, 5

*In re Apple & AT&TM Antitrust Litig.*,
    No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061 (N.D. Cal.
    Apr. 15, 2008) ........................................................................................................8

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
    No. 09 C 7666, 2010 WL 1433316 (N.D. Ill. Apr. 7, 2010) ...............................8

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
    No. MDL No. 2380, 2013 U.S. Dist. LEXIS 7023 (M.D. Pa. Jan.
    17, 2013) ................................................................................................................4

*McFadden v. Microsoft Corp.*,
    Case No. 20-cv-0640-RSM-MAT, 2020 U.S. Dist. LEXIS 173872
    (W.D. Wash., Sept. 22, 2020) ...............................................................................5

*Milkboy Ctr. City LLC v. Cincinnati Cas. Co.*,

No. 20-2036, 2020 U.S. Dist. LEXIS 240464 (E.D. Pa. Dec. 22, 2020) ........................................................................................7

*Tolmasoff v. General Motors, LLC*,
   No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ........................................................................................6

## **<u>Other Authorities</u>**

Fed. R. Civ. P. 23(g) .................................................................*passim*

Fed. R. Civ. P. 23 (g)(1)(A)(i)–(iv)............................................7

*Manual for Complex Litigation*
   § 21.11 (4th ed. 2004)..........................................................6
   §§ 21.271-72 (4th ed. 2004) .................................................7

*Moore's Federal Practice*
   § 23.120[3][a] (2007)............................................................8
   § 10.221(2007)....................................................................18
   § 40.22 (2007).....................................................................18

## I.     <u>INTRODUCTION</u>

Plaintiffs Jesse Crowell, Stephanie Gelber, Bener Saka, Peter Nau, Lonnie Heeter, Robert Thompson, Kenneth Forst, Jason Figley, Mike Kwiatkowski, Christopher Gittings, and Lonnie Heeter (the "Plaintiffs") respectfully move the Court to exercise its authority under Fed. R. Civ. P. 23(g) to appoint interim class and liaison counsel in this consumer protection class action.

Proposed interim class counsel and interim liaison counsel are working together cooperatively to prosecute this litigation for the collective benefit of Plaintiffs and the proposed class. As set forth below, proposed interim class counsel are experienced class action attorneys with particular expertise in consumer class action cases involving defective products and automobiles. Indeed, the undersigned counsel have cooperatively researched and independently developed the legal theories and claims in this matter. Their respective law firms have the resources necessary to efficiently prosecute this case on behalf of the proposed class, and they have already demonstrated their commitment to dedicating the necessary capital and other resources to doing so.  Indeed, and as discussed below, scores of consumers have contacted their firms about this lawsuit. Together, Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP ("M&R"), David A. Goodwin and Noah L. Cozad of Gustafson Gluek PLLC ("GG"), and Scott D. Hirsch of Scott Hirsch Law Group PLLC ("SHLG") are uniquely positioned to

represent Plaintiffs and the proposed class based upon their pertinent experience. As discussed in more detail below, the early designation of interim class counsel is consistent with how other courts—including this one—have addressed similar requests and is warranted here due to the large volume of affected consumers. By exercising its authority under Rule 23(g) to appoint these attorneys interim class counsel, this Court will promote the fair and efficient resolution of this controversy.

Finally, P. Bradford deLeeuw of deLeeuw Law LLC is well-positioned to serve as liaison counsel due to his experience litigating class action cases in the District of Delaware.

Counsel for Plaintiffs has conferred with counsel for Defendant FCA US LLC (FCA) with respect to this motion, and FCA does not oppose the relief requested.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On January 5, 2023, Plaintiff Jesse Crowell filed this putative class action on behalf of himself and a proposed class of consumers who purchased the 2021 Jeep Wrangler 4xe hybrid vehicle. *See* Complaint ¶ 1 [D.I. 1]. FCA is incorporated in Delaware, and thus subject to general jurisdiction here. On April 4, 2023, in response to Defendant FCA's Motion to Dismiss filed on February 27, 2023 [D.I. 6], Plaintiff Crowell, now joined by the additional named plaintiffs above, filed the Amended Class Action Complaint. As well as the additional named plaintiffs, the

Amended Complaint added purchasers of 2022 through 2023 Jeep Wrangler 4xe and Jeep Grand Cherokee 4xe vehicles ("Class Vehicles"). *See* Amended Complaint ¶ 1 [D.I. 13].

As detailed in the Amended Complaint, the Class Vehicles are sold at a large premium over their standard internal combustion engine counterparts. This is due to the unique hybrid powertrain that was represented to allow consumers to operate their Class Vehicles solely in electric mode in all environmental conditions for at least 21 miles. Amended Complaint ¶¶32-33. However, the Class Vehicles all suffer from a common defect which frequently manifests for prolonged periods of time and causes the Class Vehicles to get locked into Fuel and Oil Refresh Mode ("FORM"), which prevents the Class Vehicles from utilizing electric-only or electric assisted driving (the "Defect"). Amended Complaint ¶3. The Defect appears to be more prevalent in cold weather. *Id*.

The Amended Complaint alleges that the Defect has been concealed by the Defendants, who misrepresented the capabilities of the Class Vehicles as a result of the Defect. Amended Complaint ¶¶68-71. Had Plaintiffs and class members known of the Defect, they would not have bought their Class Vehicles or would have paid substantially less for them than they did. *Id*. ¶6.

To redress the harms suffered by Plaintiffs and the proposed class, Plaintiffs have asserted nineteen causes of action. *See* Amended Complaint. Plaintiffs seek to

represent a nationwide class consisting of all persons in the United States who bought Class Vehicles, as well as an assortment of state-specific subclasses. *Id.* ¶¶ 191-192.

As discussed below, the undersigned have the requisite experience and resources to be appointed interim class counsel and liaison counsel under Fed. R. Civ. P. 23(g), and they have been working extensively, efficiently, and cooperatively on this matter since it was filed. For the reasons set forth below, Plaintiffs respectfully submit that the motion should be granted.

### III.   ARGUMENT

### 1.   It is Appropriate for the Court to Appoint Interim Class Counsel at this Juncture.

"[C]ourts routinely appoint interim class counsel at early stages of litigation prior to any determination of class certification." *Henderson v. Volvo Cars of N. Am., LLC*, Civil Action No. 09-cv-4146(DMC)(JAD), 2010 U.S. Dist. LEXIS 151733, at *7 (D.N.J. Nov. 1, 2010). The Court need not make any decision as to whether class certification will eventually be granted in order to appoint interim class counsel. *Id*. The appointment of interim counsel is discretionary and is particularly suited to complex actions. *In re Shop-Vac Mktg. & Sales Practices Litig.*, No. MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa. Jan. 17, 2013). Rule 23(g) contemplates the early appointment of class counsel to act on behalf of the proposed class, even where there are no competing applications. *See,*

4

*e.g.*, *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 at *2-5 (D.N.J. Mar. 27, 2018), (appointing Migliaccio & Rathod LLP, as well as another firm, as interim co-lead counsel and rejecting the defendant's argument that it was premature to make the appointment at an early stage in the litigation: "[Defendant] opposes the motion, contending that appointment of interim counsel is unnecessary in a case such as this one, in which there are no competing counsel. This is unpersuasive: were this Court to deny this motion . . . the result would be competing counsel."); *see also McFadden v. Microsoft Corp.*, Case No. 20-cv-0640-RSM-MAT, 2020 U.S. Dist. LEXIS 173872, at *5-8 (W.D. Wash., Sept. 22, 2020) (appointing Migliaccio & Rathod LLP, as well as another firm, as interim co-lead counsel, finding the absence of competing cases or other applications for counsel a determinative factor in granting an application for interim lead and liaison counsel); *DeMarco v. AvalonBay Communities, Inc.*, No. 15-628-JLL-JAD, ECF No. 18, at *2–3 (D.N.J. Mar. 17, 2015) ("[T]here is simply no indication before the Court that Defendant would be prejudiced in any way by virtue of the Court's appointment of . . . co-lead counsel . . . . On the other hand, the Court finds that formalizing the roles of the three law firms . . . will promote clarity, efficiency, and greater coordination . . . ."); *Henderson*, 2010 U.S. Dist. LEXIS 151733, at *6-7 ("although Plaintiffs' multiple counsel have cooperated to date during this early pre-certification stage in order to

5

minimize the amount of lawsuits filed before the Court, appointment of interim

class counsel at this time will ensure continued cooperation amongst said counsel

throughout the pre-certification process, which will serve to protect the interests of

the putative class during that time."); *Tolmasoff v. General Motors, LLC*, No. 16-

11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016)

(appointing two law firms as interim class counsel where "other[] [similar cases]

may follow. Moreover, the Court believes that it would be beneficial to formally

identify the counsel responsible, at this pre-certification stage, for protecting the

interests of the putative class members."); *see also Diaz v. Nintendo of America,

Inc.*, No. 2:19-cv-01116-TSZ (W.D. Wash. Sept. 17, 2019), ECF No. 20

(appointing interim co-lead counsel where counsel reached agreed-upon leadership

and there were no other competing leadership applications).

Designating interim counsel now will "clarif[y] responsibility for protecting

the interests of the class during precertification activities, such as making and

responding to motions, conducting any necessary discovery, moving for class

certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION §

21.11 (4th ed. 2004) ("MCL"). This clarity is particularly important here given the

ubiquity of the defect and the volume of consumers have contacted the undersigned

counsel about the Defect and this lawsuit. Appointment of class counsel here and

6

now will ensure that these members of the proposed class are able to speak with one voice for the aforementioned activities.

Because class counsel acts for the class during the litigation, the Court should appoint counsel who are capable and qualified to fairly and adequately represent the interests of the proposed classes. *Id.*§§ 21.271-72. This is so because, as the 2003 amendments to Rule 23(g) clarify, "it will usually be important for an attorney to take action to prepare for the certification decision" as well as "mak[ing] or respond[ing] to motions before certification."

### 2. Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, David A. Goodwin and Noah L. Cozad of Gustafson Gluek PLLC, and Scott D. Hirsch of Scott Hirsch Law Group PLLC Should be Appointed as Class Counsel.

The same factors for appointing class counsel at the class certification stage under Rule 23(g) also apply to the appointment of interim class counsel before certification. *Milkboy Ctr. City LLC v. Cincinnati Cas. Co.,* No. 20-2036, 2020 U.S. Dist. LEXIS 240464, at *8-9 (E.D. Pa. Dec. 22, 2020). These factors are:

    i.    the work counsel has done in identifying or investigating potential claims in the action;

    ii.    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

    iii.    counsel's knowledge of the applicable law; and

    iv.    the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23 (g)(1)(A)(i)–(iv). As discussed below, each of these factors support the appointment of Nicholas A. Migliaccio and Jason S. Rathod

(Migliaccio & Rathod LLP) David A. Goodwin and Noah L. Cozad (Gustafson Gluek PLLC), and Scott D. Hirsch (Scott Hirsch Law Group PLLC) as interim class counsel here.

> **a.    Proposed Class Counsel Performed Substantial Work in Investigating this Action.**

Proposed class counsel have been diligent in investigating and advancing this first of its kind case. Among other things, they have investigated the circumstances surrounding the Class Vehicles and the alleged defect, the cause of the defect, Defendants' handling of consumer complaints, and consumer experiences concerning the Class Vehicles. *See In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2010 WL 1433316, at *6 (N.D. Ill. Apr. 7, 2010) (noting that the lead firm's "amended complaint is detailed and showcases its attorneys' efforts in prosecuting this matter, and the court therefore considered it favorably when evaluating the relative merits of the applicants"); *Moore's Federal Practice* § 23.120[3][a] (2007) (noting that courts may consider whether applicant has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort"). Their firms have devoted substantial time to researching the relevant law to prepare the amended complaint and conferred with many of the scores of consumers that have contacted their firms. *See In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9-10 (N.D. Cal. Apr. 15, 2008) (appointing firm to leadership position where it

had "engaged an antitrust economist and invested significant time researching and investigating the potential claims…"). This factor supports their appointment.

### b. Proposed Interim Class Counsel Have Relevant Experience and Knowledge of the Applicable Law.

Proposed interim class counsel are well-qualified to represent Plaintiffs in complex litigation. Each has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See Durso v. Samsung Elecs. Am.*, Civil Action No. 2:12-cv-5352 (DMC)(JAD), 2013 U.S. Dist. LEXIS 111412, at *11 (D.N.J. Aug. 5, 2013) (appointing interim class counsel in large part because "counsel's experience in class action litigation qualifies them to evaluate the worth and risks involved in pursuing this case."). Proposed interim class counsel have ample experience handling class actions (including class actions involving consumer electronics defects), complex litigation, and consumer fraud and warranty claims. The qualifications and experience of these firms are detailed in the accompanying declarations filed herewith, and the firm resumes attached thereto.

A sampling of each proposed interim counsel's representative matters appears below.

### Migliaccio & Rathod LLP

Nicholas A. Migliaccio and Jason S. Rathod are founding partners of Migliaccio & Rathod LLP, which is based in Washington D.C. The firm has six full-time attorneys and one part-time of-counsel. M&R has significant expertise in automotive defect cases. For example, Messrs. Migliaccio and Rathod served as class counsel in *Brown v. Hyundai Motor America et al.*, Case No. 2:18-cv-11249 (D.N.J.), which was an automotive defect class action arising from a latent defect found in model year 2011 through 2016 Hyundai Elantra cars with "Nu" 1.8-liter engines. The case was successfully resolved on class basis, and class members were eligible for reimbursement for past out-of-pocket repairs and repair-related expenses caused by the defect, in addition to an extended powertrain warranty of up to 10 years or 120,000 miles.

Further, Mr. Rathod is currently serving a member of the Plaintiffs' Executive Committee in *In Re: Kia Hyundai Vehicle Theft Litigation,* Case Number: 8:22-ml-03052-JVS-KES (C.D. Cal.), a multidistrict litigation focusing on millions of automobiles that Hyundai and Kia have produced that are susceptible to theft because they lack engine immobilizers.

In addition, Mr. Migliaccio is currently serving as co-lead class counsel in *Mackie et al. v. America Honda Motor Co., Inc.*, Case No. 0:22-cv-00736-NEB-LIB (D. Minn.), which is a putative nationwide class action concerning Honda's

alleged manufacture, design, marketing and sale of vehicles with a fuel dilution defect.

Beyond automotive defect class actions, Migliaccio & Rathod LLP are leaders in the practice area of products liability generally and specifically with matters that require scientific or technical expertise. Many of these cases are within the Third Circuit. For example, Mr. Migliaccio was recently appointed Class Counsel, along with just one other attorney, in one of the largest medical monitoring class action cases, *In re: Valsartan N-Nitrosodimethylamine (NDMA) Contamination Products Liability Litigation* (MDL No. 2875) (D. N.J.). The class certification order came after years of intense discovery and after Class Counsel assisted in formulating with experts a medical monitoring plan for class members. Mr. Rathod was one of just twelve attorneys recently appointed from a pool of over 70 applicants to the Plaintiff Steering Committee in *In re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. Pa.). He currently serves as the PSC co-chair of the Science and Experts Committee as well as the PSC Chair of the Class Action and Experts Subcommittee. Last Fall, he played an integral role in the selection, preparation and presentation of experts for the Court's "Science Day."

These are just a sampling of some of the more recent and salient class action cases that Messrs. Migliaccio and Rathod have held leadership positions in. Messrs.

Migliaccio and Rathod have additionally been appointed class counsel or held leadership positions in numerous other class actions, consolidated litigations, and multidistrict litigations which are detailed in the firm's resume.[1]

## Gustafson Gluek PLLC

Founded in 2003, Gustafson Gluek is a national class action firm, with offices in California and Minnesota. Gustafson Gluek's attorneys consistently are recognized by their clients, peers, and courts across the country as leaders in their field and, as such, have been chosen to lead some of the largest and most complex multi-district litigation matters. Mr. Goodwin and the attorneys at Gustafson Gluek have received national and state-wide awards and honors and are routinely called upon by other leading firms to assist in taking on some of the largest companies and defense firms in the world. Gustafson Gluek has successfully prosecuted a multitude of class actions on behalf of defrauded consumers and businesses.

Examples of major class action cases in which Gustafson Gluek is serving or has served as lead counsel include *In re: Deere & Co. Repair Services Antitrust Litigation* (N.D. Ill.); *In re Broiler Chicken Antitrust Litig.* (N.D. Ill.); *In re Crop*

---

[1] *See* Declaration of Nicholas A. Migliaccio in Support of Plaintiffs' Motion to Appoint Migliaccio & Rathod LLP, Gustafson Gluek PLLC and Scott Hirsch Law Group PLLC as Interim Lead Counsel And deLeeuw Law LLC as Liaison Counsel for the Putative Plaintiff Class; Firm Resume attached as Exhibit A thereto.

*Inputs Antitrust Litig*. (E.D. Mo.); *In re DPP Beef Litig.* (D. Minn.); *In re DRAM Antitrust Litig*. (N.D. Cal. and multiple state court actions); *In re Interior Molded Doors Indirect Purchaser Antitrust Litig*. (E.D. Va.); *In re Pork Antitrust Litig*. (D. Minn.); *In re Syngenta Litig*. (Minn.); *In re Vitamin C Antitrust Litig*. (E.D.N.Y.); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd*. (E.D.N.Y.); *St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al. (D. Minn.); In re Netgain Data Breach Litig.,* (D. Minn.); *and Vikram Bhatia, D.D.S., et al., v. 3M Company* (D. Minn.). Gustafson Gluek prides itself on the strength and diversity of attorneys and staff that will be willing and able to assist in litigating this matter.

David A. Goodwin is a member of Gustafson Gluek PLLC. Since Mr. Goodwin joined the firm in 2008, he has practiced in the areas of consumer protection, antitrust, and securities litigation. He has successfully represented many small businesses and individuals litigating their claims against some of the largest companies in the world, including in many cases brought on behalf of owners and lessees of allegedly defective consumer vehicles, such as *Reynolds, et al., v. FCA US, LLC* (E.D. Mich.) (the "Jeep Death Wobble" Litigation), where Mr. Goodwin actively participated in discovery and plaintiff depositions; *FCA US LLC Monostable Electronic Gearshifts Litig.* (E.D. Mich.), where Mr. Goodwin participated in briefing, discovery, and depositions; *Krautkramer v. Yamaha Motor*

13

*Corporation, USA* (D. Minn.), where Mr. Goodwin participated in all phases of litigation from client development, discovery, briefing, and settlement; and *Woronko v. General Motors, LLC* (E.D. Mich.), where Mr. Goodwin was involved in briefing and settlement.

Mr. Goodwin has also represented individuals and businesses in several complex class actions, including *In re: Dealer Management Systems Antitrust Litig.* (N.D. Ill.), where he worked on client development, briefing, and discovery; *Gisairo v. Lenovo (United States) Inc.* (D. Minn.), where he worked on all aspects of the case from client development, discovery, and settlement; *Hogan, et al., v. Amazon, Inc.* (N.D. Ill.), where he has been active with discovery and expert work; *Thelen, et al., v. HP. Inc*. (D. Del.), where he has been active in briefing as the case is in its infancy. Mr. Goodwin has been active with various aspects of many other cases with Gustafson Gluek.

Beyond his litigation practice, Mr. Goodwin is also active in Federal Bar Association at the state and national level, currently serving as Vice President for the Eighth Circuit, and previously serving as a National Director and as past Chair of the Younger Lawyer Division. He is also active with the Minnesota State Bar Association, where he has served as Co-Chair of the Consumer Litigation Section.

Noah L. Cozad is an associate attorney with Gustafson Gluek PLLC. Since Mr. Cozad joined the firm in 2021, he has practiced in the areas of consumer

14

protection and antitrust. Mr. Cozad graduated from the University of Minnesota
Law School in 2021. Since joining Gustafson Gluek, Mr. Cozad has been actively
involved in representing small businesses and individuals against large companies.
This includes representing community pharmacies in *In re Surescripts Antitrust
Litig.* (N.D. Ill.) where Mr. Cozad has been actively participating in discovery. Mr.
Cozad's experience also includes representing community grocery stores in *Wood
Mountain Fish LLC v. Mowi ASA* (S.D. Fla.) where Mr. Cozad actively participated
in discovery and settlement. Mr. Cozad has been active in many other cases
Gustafson Gluek.[2]

## Scott Hirsch Law Group PLLC

Scott Hirsch Law Group, PLLC is a boutique law firm located in South
Florida with extensive experience representing clients nationwide in consumer
protection, civil rights, securities, and privacy actions with a focus on class action
litigation.  Scott Hirsch Law Group, PLLC excels at providing skilled and zealous
representation to its clients, focusing on bringing cases to address issues and
inequities facing the consuming public.

---

[2] *See* Declaration of David A. Goodwin in Support of Plaintiffs' Motion to Appoint Migliaccio &
Rathod LLP, Gustafson Gluek PLLC and Scott Hirsch Law Group PLLC as Interim Lead
Counsel And deLeeuw Law LLC as Liaison Counsel for the Putative Plaintiff Class; Firm
Resume attached as Exhibit A thereto.

Scott D. Hirsch is a founding member of Scott Hirsch Law Group, PLLC. He is a magna cum laude graduate of Lynn University with a major in Psychology (B.A. 1999), and graduate of St. Thomas University School of Law (J.D. 2007). Mr. Hirsch is admitted to practice and a member in good standing of the Florida Bar and is admitted to practice in the United States District Court for the Southern District of Florida and in the United States District Court for the Middle District of Florida. Mr. Hirsch has had an extensive career representing consumers in securities litigations, consumer protection actions, and class actions.

In 2008 Mr. Hirsch, began representing plaintiffs in securities matters, focusing on complex securities litigation, including class actions, in state, federal court and alternative dispute resolution forums. In addition to securities litigation, Mr. Hirsch also represents clients in civil litigation and commercial dispute.

Since 2014, Mr. Hirsch's practice has focused on consumer protection class actions in both state and federal courts.  Mr. Hirsch represents consumers against some of the largest financial institutions and manufacturers in cases involving defective products, deceptive trade practices, discrimination, and privacy violations.  Mr. Hirsch was co-lead counsel representing investors who were victims of the Stanford Ponzi scheme against its clearing firm Pershing, LLC where plaintiffs in two separate arbitration cases were awarded $3.7 million in compensatory damages and $2.3 million in punitive damages.   Mr. Hirsch also

successfully represented individuals in a securities class action, *Smith v. Questar Capital Corp.* (D. Minn.), where he was instrumental in leading case development, motion practice, and settlement.

Mr. Hirsch also litigated and resolved several consumer class actions including, *Abellard, Jr., et al. v. Nationstar Mortgage, LLC* (S.D. Fla.) and *350S Trust, LLC v. Carrington Mortgage Services, LLC* (S.D. Fla.), where he was exclusively involved in case development, discovery and settlement representing individuals and business who brought claims of mortgage servicing violations; *Fuog v. CVS Pharmacy, Inc.* (D. RI.), where Mr. Hirsch has been active in all aspects of litigation, including client development, briefing, and discovery; *Thelen, et al. v. HP, Inc.* (D. De.), where he has also been involved in all aspects of litigation, representing a class of nationwide consumers, involving allegations of a concealed product defect in numerous models of HP laptops.

Mr. Hirsch has been rated AV Preeminent by Martindale-Hubbell Peer Review Ratings and is a member of the Palm Beach County Bar Association and the Broward County Bar Association. Mr. Hirsch has also been named a 2015 Top Rated Lawyers South Florida's Legal Leaders as published in the Miami Herald.[3]

---

[3] *See* Declaration of Scott D. Hirsch in Support of Plaintiffs' Motion to Appoint Migliaccio & Rathod LLP, Gustafson Gluek PLLC and Scott Hirsch Law Group PLLC as Interim Lead Counsel And deLeeuw Law LLC as Liaison Counsel for the Putative Plaintiff Class; Firm Resume attached as Exhibit A thereto.

### c.  Proposed Interim Class Counsel are Committed to Representing and Advancing the Interests of the Class.

Not only do proposed interim class counsel's respective law firms have the resources to effectively prosecute this case, they are committed to utilizing them to do so.  Proposed interim class counsel collectively employ a number of experienced attorneys, many of whom represent plaintiffs in complex litigation and specialize in class action work.  In past litigation, their attorneys have always matched the resource commitment and drive of the opposition, no matter how intense and long-lasting the litigation.  *See, e.g.*, *Carlotti v. Asus Comput. Int'l,* No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *21 (N.D. Cal., Jun. 22, 2020) (granting final approval for defective laptop settlement and reciting cases in which courts commended M&R for its competence as class counsel in prosecuting complex class action cases).

In sum, proposed interim class counsel are committed to pursuing the best interests of the proposed class in an efficient manner.[4]  They fully understand the investment of time and resources necessary to pursue this action to a successful resolution.  Their firms have made and will continue to make the required investment here.

---

[4] To that end, Plaintiffs submit the attached Time and Expense Protocol for the Court's review. *See* Exhibit A hereto. Further, Mr. Migliaccio will serve as the primary point of contact with Defense counsel.

### 3. deLeeuw Law LLC (P. Bradford deLeeuw) Should be Appointed as Liaison Counsel.

Plaintiffs also request that the Court appoint P. Bradford deLeeuw of deLeeuw Law LLP as Interim Liaison Counsel. A court, in its discretion, may appoint interim liaison counsel to assist interim class counsel including with adhering to local rules and best practices. *See* Manual at § 10.221. Tasks to be performed by liaison counsel in this litigation include but are not limited to:

> 1. Work in conjunction with interim class counsel to assist in coordination of meetings, discovery, litigation positions, and other tasks;
>
> 2. Ensure that Plaintiffs comply with all local rules and procedures governing the practice of law before this Court;
>
> 3. Maintain and distribute to co-counsel and to Defendants' liaison counsel an up to-date service list;
>
> 4. Receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and
>
> 5. Establish and maintain a document depository.

*See* Manual at §§ 40.22, 10.221. Mr. deLeeuw of deLeeuw Law LLC is well-situated to serve in this role. Mr. deLeeuw is the founding partner of deLeeuw Law LLC, which is located in Delaware. Mr. deLeeuw maintains a thriving plaintiff-side complex litigation practice including the prosecution of class actions in diverse areas of law such as consumer protection and shareholder rights cases. Mr. deLeeuw regularly practices before this court. His knowledge of the Delaware bar

19

and this Court will help this matter proceed with utmost efficiency and professionalism.[5]

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Migliaccio & Rathod LLP, Gustafson Gluek PLLC, and Scott Hirsch Law Group, PLLC be appointed interim class counsel. Plaintiffs further request that P. Bradford deLeeuw of deleeuw Law LLC be appointed as Liaison Counsel.

Dated: August 24, 2023                    Respectfully submitted,

                    By: */s/ P. Bradford deLeeuw*
                          P. Bradford deLeeuw (#3569)
                          DELEEUW LAW LLC
                          1301 Walnut Green Road
                          Wilmington, DE 19807
                          (302) 274-2180
                          brad@deleeuwlaw.com

Of Counsel:

Nicholas A. Migliaccio (pro hac vice)
Jason S. Rathod (pro hac vice)
Mark D. Patronella (pro hac vice)
MIGLIACCIO & RATHOD LLP
412 H. Street NE
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
mpatronella@classlawdc.com

---

[5] *See* Declaration of P. Bradford deLeeuw in Support of Plaintiffs' Motion to Appoint Migliaccio & Rathod LLP, Gustafson Gluek PLLC and Scott Hirsch Law Group PLLC as Interim Lead Counsel And deLeeuw Law LLC as Liaison Counsel for the Putative Plaintiff Class; Firm Resume attached as Exhibit A thereto.

Scott David Hirsch (pro hac vice)
SCOTT HIRSCH LAW GROUP PLLC
N. State Road 7
Coconut Creek, FL 33073
Tel: (561) 569-7062
scott@scotthirschlawgroup.com

Daniel E. Gustafson (pro hac vice forthcoming)
David A. Goodwin (pro hac vice)
Noah L. Cozad (pro hac vice)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:(612)333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com                    ***Attorneys for Plaintiffs***