## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSE CROWELL, *on behalf of himself and all others similarly situated*, | ) ) ) | C.A. No. 1:23-cv-00013-MN |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| FCA US LLC, | ) ) | |
| *Defendant*. | ) | |

## FCA US LLC'S OBJECTIONS TO MAGISTRATE'S
## JULY 30, 2024 REPORT AND RECOMMENDATION

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, Delaware  19801
T:  (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

**KLEIN THOMAS LEE & FRESARD**
Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 North Broadway, Suite 1600
St. Louis, Missouri 63102
T:  (314) 888-2970
steve.daunoy@ kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

# TABLE OF CONTENTS

**Page**

I.    Fraud-Based Claims (Counts I, II, IV, V, X, XII-XVII, XIX, XXII-XXXVI)................... 2

    A.    Rule 9(b) (All Omission-Based Counts)................................................. 2

    B.    Pre-Sale Knowledge (All Omission-Based Counts)................................. 4

    C.    Duty to Disclose (All Omission-Based Counts Except XXX & XXXII)............... 4

    D.    State Specific Reasons ........................................................... 5

II.   The Equitable Claims (Counts III, IX) ................................................. 6

III.  The Breach of Implied Warranty Claims (Counts VI, XVIII, XX, XXI).......................... 7

    A.    Lack of Merchantability (All Counts)..................................................... 7

    B.    Lack of Notice (Counts Count VI, XVII, and XXI) ................................. 8

    C.    Lack of Privity (Count XV) ................................................... 8

IV.   The Nationwide Allegations ........................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beeney v. FCA US LLC*, 2023 WL 6962116 (D.Del. 2023)...............................................................6

*Bolton v. Ford Motor Co.*, 2024 WL 3328522 (D.Del. 2024)..................................................2, 4

*Diaz v. FCA US LLC*, 2022 WL 4016744 (D.Del. 2022) .......................................................4, 9

*Dzielak v. Whirlpool Corp.*, 83 F.4th 244 (3d Cir. 2023) ...........................................................7

*In re Chevrolet Bolt EV Battery Litig.*, 633 F.Supp.3d 921 (E.D.Mich. 2022) .........................7, 8

*In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 2023 WL 8602971 (E.D.Mich. 2023)......7

*Kavon v. BMW of N. Am., LLC,* 605 F.Supp.3d 622 (D.N.J. 2022)..............................................7

*Maugain v. FCA US LLC*, 2023 WL 1796113 (D.Del. 2023) .....................................................4

*Morgan v. Dick's Sporting Goods, Inc.*, 359 F.Supp.3d 1283 (N.D.Ga. 2019).............................9

*Reynolds v. FCA US LLC*, 546 F.Supp.3d 635 (E.D.Mich. 2021)................................................5

*Robinson v. Gen. Motors LLC*, 2021 WL 3036353 (D.Del. 2021)............................................2, 8

*Theis v. Viewsonic Corp.*, 2013 WL 1632677 (D.Del. 2013)......................................................8

*ThroughTEK Co. v. Reolink Innovation Inc.*, 2024 WL 1701841 (D.Del. 2024)..........................1

*Turner v. Porsche Cars N. Am., Inc.*, 2023 WL 8788754 (C.D.Cal. 2023)..................................6

**Statutes**

28 U.S.C. § 636(b)(1)(B) ..........................................................................................................1

**Rules**

Fed.R.Civ.P. Rule 9(b)...............................................................................................................2

Fed.R.Civ.P. Rule 12(b)(6) ........................................................................................................2

Fed.R.Civ.P. 72(b)(3).................................................................................................................1

Defendant FCA US LLC ("FCA US") respectfully objects, in part, to the Honorable Magistrate Judge Sherry R. Fallon's July 30, 2024 Report and Recommendation ("Recommendation") that its Motion to Dismiss the Consolidated Class Action Complaint (D.I. 53) be granted-in-part and denied-in-part[1] (D.I. 66). [2]

FCA US ___does not object___ to the Magistrate's recommendation that the motion be granted as to Count II (Common Law Fraud, Affirmative Misrepresentation); Count V (Mich.CPA); Count VII (Magnuson-Moss Warranty Act); Count VIII (Breach of Express Warranty); Count XXIX (WDTPA), and the following consumer protection act claims, to the extent they assert affirmative misrepresentations: Count IV (Md.CPA); Counts X & XII (NY § 349 and NY § 350); Count XIII (MPCFA); Count XIV (ICFA); Count XV (MUTPCPA); Count XVI (GFBPPA); Count XVII (GUDTPA); Count XIX (OCSPA); Count XXII (PUTPCPL); Count XXIII (CLRA); Count XXIV (UCL); Count XXV (FAL); Count XXVI (CCPA); Count XXVII (NH.CPA); Count XXVIII (OUTPA); Count XXX (Neb.CPA); Count XXXI (Mass. Ch. 93A); Count XXXII (Vt.CPA); Count XXXIII (Il.CFDBPA); Count XXXIV (NJCFA); Count XXXV (Conn.TPA); and Count XXXVI (Wash.CPA).

But, for the following reasons, FCA US ___does object___ to the recommendation that the motion be denied as to: Count I (Common Law Fraud by Omission); Count III (Equitable Injunctive/Declaratory Relief – Maryland); Count VI (Common Law Breach of Implied Warranty); Count IX (Unjust Enrichment/Restitution); Count XVIII (Breach of Implied Warranty - Georgia); Count XX (Implied Warranty in Tort - Ohio); Count XXI (Breach of Implied Warranty -

---

[1] The Magistrate's Recommendation relates to a dispositive motion and is thus reviewed *de novo*. *See ThroughTEK Co. v. Reolink Innovation Inc*., 2024 WL 1701841, *5 (D.Del. 2024) (citing 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b)(3)).

[2] Abbreviations are defined in FCA US's Motion to Dismiss. D.I. 53, p. 10 n.4.

Pennsylvania); and Counts X, XII-XVII, XIX, XXII-XXVIII, XXX-XXXVI (the above consumer protection claims, to the extent they are predicated on non-misrepresentations (*i.e.* omissions)).

## I.      Fraud-Based Claims (Counts I, II, IV, V, X, XII-XVII, XIX, XXII-XXXVI)

### A.      Rule 9(b) (All Omission-Based Counts)

The Magistrate recommends that the Court deny FCA US's motion to dismiss the omission-based fraud claims under Rule 9(b).  D.I. 66, pp. 8-9.  Specifically, the Magistrate suggests that, for an omission claim, Plaintiffs only need to plead:  "(1) 'that the fact at issue was basic to the transaction[,]' (2) 'a legitimate reason to rely on' the entity that failed to disclose, and (3) that the claimant could not have discovered the issue."  *Id.* at p. 8 (citing *Bolton v. Ford Motor Co.*, 2024 WL 3328522, *9 (D.Del. 2024)).  But this ignores the other authority cited in *Bolton*, which makes clear that:

> [A] plaintiff must allege "(1) ***precisely*** what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [defendant] obtained as a consequence of the alleged fraud."

*Robinson v. Gen. Motors LLC*, 2021 WL 3036353, *5 (D.Del. 2021) (emphasis added) (subsequent proceedings omitted).  Plaintiffs do none of this.

<u>Precisely What Was Omitted</u>:  The Magistrate suggests that "what was omitted" is "the extent of the FORM defect."  D.I. 66, p. 8.[3] This is neither "precise[]" nor does it provide "the content of the alleged omission."  Indeed, the CAC paragraphs the Magistrate cites are vague ("Defendant omitted the Defect") and circular ("Defendant … omit[ed] … that the hybrid system does not perform as advertised," *i.e.* that it was defective).  *See*, *e.g.*, D.I. 49, ¶¶ 94, 415.  Such allegations do not satisfy Rule 9(b).

---

[3]The Magistrate's citation to Plaintiffs' assertions at oral argument is irrelevant; the focus of a Rule 12(b)(6) motion is the allegations ***in the operative complaint***.

_How It Was Misleading_:  The Magistrate suggests "the omission was misleading because of Defendant's advertisements highlighting the electric-only range of the Class Vehicles."  D.I. 66, p.8 (citations omitted).  This is a "what" allegation masquerading as a "how" allegation.  Regardless, it is deficient even as a "what" allegation, for reasons discussed above.

_What FCA US Obtained_:  As for what FCA US obtained from the purported omission, the Recommendation here is entirely silent.  D.I. 66, pp. 8-9.  It only discusses what Plaintiffs would have done differently had they known about "the true extent of the FORM Defect." _Id_.

_Model-Year 2022+ Vehicles_:  Finally, but critically, the omission claims regarding the model-year 2022 and 2023 vehicles fail for the separate reason that FCA US's owner's manuals for these vehicles _**were**_ updated to disclose FORM's longer operation period if only shorter trips were taken or in cold weather, thereby eliminating the purported omission (D.I. 66, p. 12).  Indeed, Plaintiffs outright plead that—for the model-year 2022 and later vehicles that Forst, Gittings, Figley, the Millers, Morrison, Monheit, Schachow, Bennett, Berner, Kavanagh, Koss, Nevitt, Raque, and Souders purchased or leased—the owners' manuals were updated by the time of their purchases to disclose the alleged "defect" as follows:

> If the vehicle enters Fuel and Oil Refresh mode to maintain engine lubrication properties, the engine may run for a period of up to 2.5 hours when fully warm whenever the vehicle is operational (no electric only operation).  If the vehicle is shut down before conditions to exit the refresh mode have been satisfied, the engine may run for additional time on subsequent trips.  Oil refresh may take significantly longer in freezing temperatures.

D.I. 49, ¶¶ 95-96; _see also id._ at ¶¶ 177, 181, 210, 250, 256, 263, 275, 282, 294, 306, 312, 318, 324, 330. Thus, the Magistrate erred in concluding that, at least for the Plaintiffs who purchased/leased model-year 2022 and later vehicles, the possibility of extended periods in FORM was not disclosed.  _See_ D.I. 66, p. 9.  Since these Plaintiffs cannot predicate any omission-based claim on a "defect" that was disclosed in publicly available documents (like the vehicles' owners' manuals),

their claims should be dismissed.

### B.    Pre-Sale Knowledge (All Omission-Based Counts)

Next, the Magistrate recommends the Court deny FCA US's motion based on the view that Plaintiffs adequately pleaded pre-sale knowledge.  Specifically, she faults FCA US for "go[ing] through each source [of knowledge] individually" because "courts consider the totality of the allegations."  D.I. 66, p. 10.  But the cited courts are in **_New Jersey_**.  *Id.*  And, the District of **_Delaware_** has consistently taken the opposite (and far more logical) approach, examining each pleaded knowledge source and allegation individually, since merely grouping a series of plainly deficient allegations together cannot equate to a plausible averment of pre-sale knowledge.  *See*, *e.g.*, *Diaz v. FCA US LLC*, 2022 WL 4016744, **26-32 (D.Del. 2022) (analyzing "Service Bulletins"; "Consumer Complaints"; "Pre-Sale Testing" in separate subsections); *see also* *Maugain v. FCA US LLC*, 2023 WL 1796113, *9 (D.Del. 2023).

Beyond this, the Magistrate correctly notes *Bolton* took a totality-of-the-circumstances approach to finding knowledge.  D.I. 66, p. 11.  But *Bolton* is distinguishable because, there, **_each_** source of knowledge was in and of itself sufficiently pled, whereas, here, none are.  *Compare*, *e.g.*, 2024 WL 3328522*, *11 ("Plaintiffs … highlight multiple complaints that pre-date the earliest alleged sales in 2018"), *with* D.I. 49, ¶¶ 6, 48 (allegations of **_unspecified, undated, unknown_** "customer complaints," plus other vaguely pled sources); *see also* D.I. 58, p. 3.

### C.    Duty to Disclose (All Omission-Based Counts Except XXX & XXXII)

Both parties acknowledge the duty to disclose varies considerably among the states at issue, *i.e.* what triggers a duty in one state may not trigger one in another.  *See* D.I. 53, pp. 15-16; D.I. 54, pp. 10-13.  Thus, determining whether Plaintiffs pled such duty requires a state-by-state analysis, which both parties undertook.  *Id.*  The Magistrate, however, declined to do this, instead just citing

a California district court case to conclude that, "[f]or [all] state statutory and common law claims that require a duty to disclose, … allegations [of partial, misleading representations in owners' manuals] are sufficient to establish … [a] duty." D.I. 66, p. 12. This wholly ignores the fact that only certain states recognize partial, misleading disclosures as sufficient to trigger a duty to disclose, and that, *even among those that do*, a plaintiff must allege that ***he or she*** relied upon a ***specific*** misrepresentation, which none here do. *See* D.I. 53, pp. 15-16.

### D.    State Specific Reasons

*Economic Loss Doctrine*[4]: FCA US has cited compelling authority for each state at issue confirming that the claims at issue are barred under the economic loss doctrine—but the Recommendation cites only a handful of federal district court diversity cases in passing and fails to substantively analyze each state's law. D.I. 66, p. 13. Thus, FCA US urges the Court to disregard the Magistrate's recommendation and conduct its own state-by-state, claim-by-claim analysis based on FCA US's cited authorities, after which it should dismiss the relevant counts under the doctrine for the reasons in FCA US's Motion to Dismiss. D.I. 53, p. 17.

*GUDTPA Monetary Relief Prohibition (Count XVII)*: The Magistrate acknowledges GUDTPA requires alleging "an actual continuing harm" but says FCA US's continued "active[] conceal[ment] [of] the defect" suffices. D.I. 66, p. 14. But this ignores that Plaintiffs "do[] not allege that they intend to purchase from [FCA US] again," [thus] they cannot maintain a [GUDTPA] claim for injunctive relief." *Reynolds v. FCA US LLC*, 546 F.Supp.3d 635, 658 (E.D.Mich. 2021); D.I. 49, ¶¶ 21, 565-77.

*OUTPA Claim Time-Barred (Count XXVIII)*: The Magistrate acknowledges the OUTPA claim is facially untimely but says "[a] dispute of fact exists regarding precisely when Lindgren

---

[4]Counts IV, X, XII, XVI, XVII, XIX, XXII, XXIII, XXVIII, XXIV, XXV, XXVII, XXVI, XXX.

discovered the defect." D.I. 66, pp. 15-16. Yet, the issue at hand is not whether there is a "dispute of fact"; it is whether *Plaintiffs plead sufficient facts*—which the Court must take as true—to invoke discovery rule tolling. They do not. The CAC never alleges *when* or *how* Lindgren discovered the purported defect (D.I. 49, ¶¶ 25, 237-42), which is what is required (D.I. 58, p. 7).

<u>*UCL Alternative Remedies (Count XXIV)*</u>: The Magistrate suggests Plaintiffs may plead alternative remedies under both the CLRA and UCL at the pleadings stage. D.I. 66, p. 26 (citing cases). But its cases are distinguishable because, even if a "[p]laintiff is permitted to seek alternative remedies at the pleadings stage," he may not do so when he "has not even attempted to allege that equitable remedies are warranted because he lacks an adequate remedy at law." *Turner v. Porsche Cars N. Am., Inc.*, 2023 WL 8788754, *6 (C.D.Cal. 2023). Such is the case here. D.I. 49, pp. ¶¶ 667-73.

Accordingly, the Court should not adopt the Magistrate's recommendation and should dismiss such claims for the reasons in FCA US's motion. D.I. 53, pp. 11-19.

## II.    The Equitable Claims (Counts III, IX)

Instead of examining the parties' arguments, the Magistrate cites a single District of **New Jersey** case to suggest unjust enrichment claims may be pled in the alternative (D.I. 66, p. 18); the District of **Delaware** holds otherwise. *See Beeney v. FCA US LLC*, 2023 WL 6962116, *9-10 (D.Del. 2023) ("[A] claim for unjust enrichment can be decided by a court at the motion-to-dismiss stage.").

The Magistrate also recommends denying FCA US's motion to dismiss the Maryland equitable/injunctive relief claim (Count III) because "courts only dismiss *claims* not *remedies* at [this] stage." D.I. 66, p. 18. But, Plaintiffs' request is styled as a standalone *claim* (Count III). *See* D.I. 49, ¶¶ 405-09. This stands in contrast to Plaintiffs' request under Georgia law, styled as **remedy** under GUDTPA. *See id.* at ¶¶ 578-94.

Thus, the Court should not adopt the Magistrate's recommendation and should dismiss the equitable claims for the reasons in FCA US's motion.  D.I. 53, pp. 19-21.

## III.    The Breach of Implied Warranty Claims (Counts VI, XVIII, XX, XXI)

### A.    Lack of Merchantability (All Counts)

The Magistrate recommends denying FCA US's motion to dismiss the implied warranty claims for lack of merchantability for two reasons.  Neither has merit.  *First*, the Magistrate suggests the Class Vehicles were unmerchantable because "consumer[s] purchase [electric vehicles] … at a premium based on the expectation that the[y] … will run, most of the time, on electricity rather than gasoline," and the Class Vehicles here did not.  D.I. 66, p. 19 (citations omitted).  But, the cases the Magistrate cites to support this proposition are inapposite.  Two involved allegations that a vehicle ***could not be driven at all in electric mode***, thereby depriving consumers of a bargained-for-and-expected feature.[5]  And, the third involved vehicles that could "[]not be charged overnight due to the … defect," which functionally deprived drivers of electric-only use and was "enough to render a vehicle unmerchantable."  *In re Chevrolet Bolt EV Battery Litig.*, 633 F.Supp.3d 921, 979 (E.D.Mich. 2022) ("*Chevy Bolt*").  Plaintiffs make no such allegations here.  *Compare supra*, *with* D.I. 49.  Further, any *temporary limitation* on the Class Vehicles' electric-only operation was plainly disclosed in the Class Vehicles' owner's manuals. *See* D.I. 53, pp. 22-23; § I.A, *supra*.  Thus, Plaintiffs allege no facts to suggest the Class Vehicles were unfit ***for the purpose for which the manufacturer sold them***.  *Dzielak v. Whirlpool Corp.*, 83 F.4th 244, 258 (3d Cir. 2023).

---

[5] *See In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 2023 WL 8602971, *11 (E.D.Mich. 2023) (no dismissal where manufacturer "advised owners … ***to refrain from charging the[ir] [vehicles]***"); *Kavon v. BMW of N. Am., LLC,* 605 F.Supp.3d 622, 628, 637 (D.N.J. 2022) (same, where manufacturer issued "instruction … [to owners to] ***not use the electric functions of their PHEVs***").  (Emphases added.)

*Second*, the Magistrate suggests the claims survive because "Plaintiffs identified a safety risk associated with the alleged defect in the form of diminished acceleration." D.I. 66, p. 20.[6] While this Court is required to credit Plaintiffs allegations as true at this stage, such allegations must still be ***plausible***. This theory is not. Plaintiffs allege that, "when the Defect manifests and the electric propulsion system is unavailable"—*i.e.* when the car runs on gasoline only, like the millions of gasoline-operated cars currently on the road—"the Class Vehicle's acceleration is greatly diminished," which "makes merging and highway driving dangerous" and "presents safety issues." *See*, *e.g.* D.I. 49, ¶ 129. If Plaintiffs are correct, then every single gasoline-operated car currently on the road is inherently unsafe, a proposition which simply cannot be true.

## B.    Lack of Notice (Counts Count VI, XVII, and XXI)

The Magistrate declined to recommend dismissal for lack of notice because "sufficiency of the notice is generally an issue of fact." D.I. 66, p. 21. But the question of <u>whether to consider sufficiency of notice at the pleadings stage</u> is procedural, and the Magistrate cites no decisions from *this district* to support its decision to defer. Indeed, this district suggests courts consider pre-suit notice allegations at the pleadings stage. *See, e.g.*, *Robinson*, 2022 WL 19384806, *4; *Theis v. Viewsonic Corp.*, 2013 WL 1632677, *1 (D.Del. 2013).

## C.    Lack of Privity (Count XV)

The Magistrate recommends denying FCA US's Motion to Dismiss for lack of privity because *Chevy Bolt* suggests "purchase of a vehicle from the manufacturer's authorized dealer is sufficient to establish … privity." D.I., pp. 21-22 (citing 633 F.Supp.3d 921). But *Chevy Bolt*'s tepid language is mere *dicta*:

> "Georgia law ***appears to*** consider a consumer who purchased a vehicle from a manufacturer's authorized dealer to be in privity … ***But Plaintiff … did not***

---

[6] Neither the Opposition nor Recommendation cite case law in support. D.I. 54, 66.

*purchase … from a[n] … authorized dealership* …"

*Id.* at 980 (emphases added) (citations omitted).  In actuality, "[i]t is settled Georgia law" that a manufacturer is not liable for implied warranty where, as here, privity is lacking—and "there are **_no exceptions_** to this rule."  *Morgan v. Dick's Sporting Goods, Inc.*, 359 F.Supp.3d 1283, 1292 (N.D.Ga. 2019) (emphasis added) (citations omitted).

Thus, the Court should not adopt the Magistrate's recommendation but should dismiss the warranty claims for the reasons in FCA US's motion.  D.I. 53, pp. 22-24.

**IV.    The Nationwide Allegations**

The Magistrate never suggests Plaintiffs actually have standing to assert their nationwide claims, only that "standing … is appropriately deferred until after class certification."  *See* D.I., 66. p. 28.  But the Recommendation never explains *why* such deference is "appropriate[]."  FCA US's authority does, however, explain that such an approach should be rejected because it would "allow named plaintiffs … with no injuries in relation to the laws of certain states … to embark on lengthy class discovery with respect to injuries in potentially every state in the Union" but still ultimately "present the precise problem that the limitations of standing seek to avoid" at the pleadings stage.  *Diaz*, 2022 WL 4016744, *19 (quotations omitted).  The Court should therefore not adopt the Magistrate's recommendation and should dismiss the nationwide claims for the reasons in in FCA US's Motion to Dismiss.  D.I. 53, p. 30.

## CONCLUSION

For the above reasons, Defendant FCA US LLC respectfully objects to the Magistrate Judge Sherry R. Fallon's July 30, 2024 Report and Recommendation.

## CERTIFICATION

The undersigned certifies the above objections raise no new legal/factual arguments.

Dated:  August 13, 2024

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T:  (302) 574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

-and-

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 North Broadway, Suite 1600
St. Louis, Missouri 63102
T:  (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 13, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

*/s/ Patrick M. Brannigan*
