**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| JESSE CROWELL, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | C.A. No. 1:23-cv-00013-MN |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| FCA US LLC, *et al.*, | ) ) | |
| *Defendants*. | ) | |

**DEFENDANT FCA US LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant FCA US LLC, for its Answer and Affirmative Defenses to Plaintiffs' Consolidated Amended Class Action Complaint ("CAC"), states as follows:

1.      FCA US admits that Plaintiffs have filed this case as a class action.  FCA US denies the remaining allegations in Paragraph 1.

2.      FCA US admits that the subject vehicles are plug-in hybrid electric vehicles ("PHEVs").  FCA US denies the remaining allegations in Paragraph 2.

3.      FCA US admits that it manufactures and sells certain vehicles to independent authorized dealerships.  FCA US denies the remaining allegations in Paragraph 3.

4.      FCA US denies the allegations in Paragraph 4.

5.      FCA US denies the allegations in Paragraph 5.

6.      FCA US denies the allegations in Paragraph 6.

7.      FCA US denies the allegations in Paragraph 7.

8.      FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 8.

9.      FCA US admits federal jurisdiction under CAFA exists.  FCA US denies the remaining allegations in Paragraph 9.

10.     FCA US admits it is a Delaware limited liability company.  FCA US denies the remaining allegations in Paragraph 10.

11.     FCA US admits venue is proper in this Court.  FCA US denies the remaining allegations in Paragraph 11.

12.     FCA US admits that its records indicate an individual named Jesse Crowell purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 12 and therefore denies them.

13.     FCA US admits that its records indicate an individual named Jason Figley purchased a new model-year 2023 Jeep Wrangler PHEV in December 2023.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 13 and therefore denies them.

14.     FCA US admits that its records indicate an individual named Kenneth Forst purchased a new model-year 2022 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 14 and therefore denies them.

15.     FCA US admits that its records indicate an individual named Stephanie Gelber purchased a new model-year 2021 Jeep Wrangler PHEV in September 2021.  FCA US is without

sufficient information to admit or deny the remaining allegations in Paragraph 15 and therefore denies them.

16.    FCA US admits that its records indicate an individual named Chris Gittings purchased a new model-year 2023 Jeep Wrangler PHEV in September 2022 and a new model-year 2022 Jeep Grand Cherokee PHEV in October 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 16 and therefore denies them.

17.    FCA US admits that its records indicate an individual named Lonnie Heeter purchased a new model-year 2021 Jeep Wrangler PHEV in December 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 17 and therefore denies them.

18.    FCA US admits that its records indicate an individual named Michael Kwiatkowski purchased a new model-year 2021 Jeep Wrangler PHEV in August 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 18 and therefore denies them.

19.    FCA US admits that its records indicate an individual named Peter Nau purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 19 and therefore denies them.

20.    FCA US admits that its records indicate an individual named Bener Saka purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 20 and therefore denies them.

21.    FCA US admits that its records indicate an individual named Robert Thompson purchased a new model-year 2021 Jeep Wrangler PHEV in July 2021.  FCA US is without

sufficient information to admit or deny the remaining allegations in Paragraph 21 and therefore denies them.

22.     FCA US admits that its records indicate an individual named Anshuman Singh purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 22 and therefore denies them.

23.     FCA US admits that its records indicate an individual named Theresa Clark purchased a new model-year 2021 Jeep Wrangler PHEV in December 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 23 and therefore denies them.

24.     FCA US admits that its records indicate an individual named Jeremy Erskine purchased a new model-year 2021 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 24 and therefore denies them.

25.     FCA US admits that its records indicate an individual named Michael Lindgren purchased a new model-year 2021 Jeep Wrangler PHEV in July 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 25 and therefore denies them.

26.     FCA US admits that its records indicate an individual named Jeffrey Monheit purchased a new model-year 2022 Jeep Grand Cherokee PHEV in December 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 26 and therefore denies them.

27.     FCA US admits that its records indicate an individual named Mackenzie Pirie purchased a used model-year 2021 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 27 and therefore denies them.

28.     FCA US admits that its records indicate an individual named Amy Schachow purchased a new model-year 2022 Jeep Wrangler PHEV in May 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 28 and therefore denies them.

29.     FCA US admits that its records indicate an individual named Michael Bennett purchased a new model-year 2022 Jeep Wrangler PHEV in June 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 29 and therefore denies them.

30.     FCA US admits that its records indicate an individual named Mike Chavez purchased a new model-year 2021 Jeep Wrangler PHEV in September 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 30 and therefore denies them.

31.     FCA US admits that its records indicate an individual named Jennifer Berner purchased a new model-year 2022 Jeep Wrangler PHEV in September 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 31 and therefore denies them.

32.     Plaintiff Jillian Kavanagh dismissed her claims against FCA US on July 2, 2024, *see* D.I. 64, and thus this paragraph requires no response.  To the extent any response is required,

FCA US is without sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies them.

33. FCA US admits that its records indicate an individual named Frank Koss purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 33 and therefore denies them.

34. FCA US admits that its records indicate an individual named Michael McGowan purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 34 and therefore denies them.

35. FCA US admits that its records indicate an individual named Renee Miller purchased a new model-year 2022 Jeep Grand Cherokee PHEV in December 2022. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 35 and therefore denies them.

36. FCA US admits that its records indicate an individual named Gabriel Morrison purchased a new model-year 2023 Jeep Wrangler PHEV in October 2022. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 36 and therefore denies them.

37. FCA US admits that its records indicate an individual named William Nevitt purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 37 and therefore denies them.

38.     FCA US admits that its records indicate an individual named Matthew Raque purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 38 and therefore denies them.

39.     FCA US admits that its records indicate an individual named George Souders purchased a new model-year 2022 Jeep Grand Cherokee PHEV in October 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 39 and therefore denies them.

40.     FCA US admits that its records indicate an individual named Chad Altschafl purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 40 and therefore denies them.

41.     FCA US admits that its records indicate an individual named Gregory Grigoriou purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 41 and therefore denies them.

42.     FCA US admits that its records indicate an individual named Aaron Kornblum purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 42 and therefore denies them.

43.     FCA US admits that its records indicate an individual named Tracy Hansen purchased a used model-year 2021 Jeep Wrangler PHEV in June 2022.  FCA US is without

sufficient information to admit or deny the remaining allegations in Paragraph 43 and therefore denies them.

44.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies them.

45.     FCA US admits that it is a Delaware limited liability company with its principal place of business in Michigan and that it manufactures and sells vehicles to independent authorized dealerships throughout the United States. FCA US admits further that it has one member, FCA North America Holdings LLC. FCA US denies the remaining allegations in Paragraph 45.

46.     FCA US admits that it manufactures and sells vehicles to independent authorized dealerships throughout the United States. FCA US denies the remaining allegations in Paragraph 46.

47.     FCA US admits that it manufactures and sells vehicles to independent authorized dealerships throughout the United States. FCA US denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 cannot be fairly or appropriately answered as phrased. To the extent a response is necessary, FCA US denies all allegations therein.

49.     Paragraph 49 cannot be fairly answered as phrased. To the extent a response is necessary, FCA US denies all allegations therein.

50.     Paragraph 50 cannot be fairly answered as phrased. To the extent a response is necessary, FCA US denies all allegations therein.

51.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 51.

52.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 52.

53.      FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 53.

54.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 54.

55.     FCA US admits that the model-year 2021 Jeep Wrangler 4xe vehicle is a plug-in hybrid electric vehicle.  Further answering, FCA US states that the referenced documents or sources speak for themselves.  FCA US otherwise denies the allegations in Paragraph 55.

56.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 56.

57.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 57.

58.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 58.

59.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 59.

60.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 60.

61.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 61.

62.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 62.

63. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 63.

64. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 64.

65. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 65.

66. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 66.

67. FCA US admits that the model-year 2022 Jeep Grand Cherokee 4xe vehicle is a plug-in hybrid electric vehicle. Further answering, FCA US states that the referenced documents or sources speak for themselves. FCA US otherwise denies the allegations in Paragraph 67.

68. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 68.

69. FCA US admits that certain Grand Cherokee 4xe vehicles offer different "driving modes." FCA US otherwise denies the allegations in Paragraph 69.

70. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 70.

71. FCA US denies the allegations in Paragraph 71.

72. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 72.

73. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 73.

74. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 74.

75. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 75.

76. FCA US denies the allegations in Paragraph 76.

77. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 77.

78. FCA US denies the allegations in Paragraph 78.

79. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 79.

80. FCA US admits it released a "STAR Online Publication" in January 2022. Answering further, it speaks for itself and FCA US otherwise denies the allegations in Paragraph 80.

81. FCA US denies the allegations in Paragraph 81.

82. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 82.

83. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 83.

84. FCA US denies the allegations in Paragraph 84.

85. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 85.

86. FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 86.

87.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 87.

88.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 88.

89.     FCA US denies the allegations in Paragraph 89.

90.     FCA US denies the allegations in Paragraph 90.

91.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 91.

92.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 92.

93.     FCA US denies the allegations in Paragraph 93.

94.     Paragraph 94 cannot be fairly answered as phrased.  To the extent a response is necessary, FCA US denies all allegations therein.

95.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 95.

96.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 96.

97.     Paragraph 97 cannot be fairly answered as phrased.  To the extent a response is necessary, FCA US denies all allegations therein.

98.     FCA US admits that it issued Technical Service Bulletin 18-162-22 on December 23, 2022.  Answering further, Technical Service Bulletin 18-162-22 speaks for itself and FCA US otherwise denies the allegations in Paragraph 98.

99.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 99.

100.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 100.

101.     FCA US denies the allegations in Paragraph 101.

102.     FCA US admits that it issued Customer Satisfaction Notification 23A.  Answering further, Customer Satisfaction Notification 23A speaks for itself and FCA US otherwise denies the allegations in Paragraph 102.

103.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 103.

104.     FCA US denies the allegations in Paragraph 104.

105.     FCA US states that the referenced documents or sources speak for themselves and otherwise denies the allegations in Paragraph 105.

106.     FCA US denies the allegations in Paragraph 106.

107.     FCA US denies the allegations in Paragraph 107.

108.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 108 and therefore denies them.

109.     FCA US admits that its records indicate an individual named Jesse Crowell purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 109 and therefore denies them.

110.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 110 and therefore denies them.

111.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 111 and therefore denies them.

112.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 112 and therefore denies them.

113.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 113 and therefore denies them.

114.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 114 and therefore denies them.

115.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 115 and therefore denies them.

116.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 116 and therefore denies them.

117.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 117 and therefore denies them.

118.    FCA US admits its records indicate an individual named Stephen Dreikosen purchased a used model-year 2016 Ram 1500 in December 2018.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 118 and therefore denies them.

119.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 119 and therefore denies them.

120.    FCA US denies the allegations in Paragraph 120.

121.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 121 and therefore denies them.

122.     FCA US admits that its records indicate an individual named Lonnie Heeter purchased a new model-year 2021 Jeep Wrangler PHEV in December 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 122 and therefore denies them.

123.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 123 and therefore denies them.

124.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 124 and therefore denies them.

125.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 125 and therefore denies them.

126.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 126 and therefore denies them.

127.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 127 and therefore denies them.

128.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 128 and therefore denies them.

129.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 129 and therefore denies them.

130.     FCA US denies the allegations in Paragraph 130.

131.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 131 and therefore denies them.

132.     FCA US admits that its records indicate an individual named Peter Nau purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021.  FCA US is without sufficient

information to admit or deny the remaining allegations in Paragraph 132 and therefore denies them.

133.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 133 and therefore denies them.

134.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 134 and therefore denies them.

135.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 135 and therefore denies them.

136.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 136 and therefore denies them.

137.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 137 and therefore denies them.

138.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 138 and therefore denies them.

139.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 139 and therefore denies them.

140.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 140 and therefore denies them.

141.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 141 and therefore denies them.

142.    FCA US denies the allegations in Paragraph 142.

143.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 143 and therefore denies them.

144.     FCA US admits that its records indicate an individual named Bener Saka purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 144.

145.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 145 and therefore denies them.

146.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 146 and therefore denies them.

147.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 147 and therefore denies them.

148.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 148 and therefore denies them.

149.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 149 and therefore denies them.

150.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 150 and therefore denies them.

151.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 151 and therefore denies them.

152.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 152 and therefore denies them.

153.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 153 and therefore denies them.

154.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 154 and therefore denies them.

155.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 155 and therefore denies them.

156.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 156 and therefore denies them.

157.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 157 and therefore denies them.

158.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 158 and therefore denies them.

159.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 159 and therefore denies them.

160.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 160 and therefore denies them.

161.    FCA US denies the allegations in Paragraph 161.

162.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 162 and therefore denies them.

163.    FCA US admits that its records indicate an individual named Robert Thompson purchased a new model-year 2021 Jeep Wrangler PHEV in July 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 163 and therefore denies them.

164.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 164 and therefore denies them.

165.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 165 and therefore denies them.

166.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 166 and therefore denies them.

167.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 167 and therefore denies them.

168.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 168 and therefore denies them.

169.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 169 and therefore denies them.

170.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 170 and therefore denies them.

171.     FCA US denies the allegations in Paragraph 171.

172.     FCA US admits that its records indicate an individual named Kenneth Forst purchased a new model-year 2022 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 172 and therefore denies them.

173.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 173 and therefore denies them.

174.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 174 and therefore denies them.

175.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 175 and therefore denies them.

176.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 176 and therefore denies them.

177.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 177 and therefore denies them.

178.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 178 and therefore denies them.

179.    FCA US denies the allegations in Paragraph 179.

180.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 180 and therefore denies them.

181.    FCA US admits that its records indicate an individual named Chris Gittings purchased a new model-year 2023 Jeep Wrangler PHEV in September 2022 and a new model-year 2022 Jeep Grand Cherokee PHEV in October 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 181 and therefore denies them.

182.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 182 and therefore denies them.

183.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 183 and therefore denies them.

184.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 184 and therefore denies them.

185.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 185 and therefore denies them.

186.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 186 and therefore denies them.

187.    FCA US denies the allegations in Paragraph 187.

188. FCA US is without sufficient information to admit or deny the allegations in Paragraph 188 and therefore denies them.

189. FCA US admits that its records indicate an individual named Michael Kwiatkowski purchased a new model-year 2021 Jeep Wrangler PHEV in August 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 189 and therefore denies them.

190. FCA US is without sufficient information to admit or deny the allegations in Paragraph 190 and therefore denies them.

191. FCA US is without sufficient information to admit or deny the allegations in Paragraph 191 and therefore denies them.

192. FCA US is without sufficient information to admit or deny the allegations in Paragraph 192 and therefore denies them.

193. FCA US is without sufficient information to admit or deny the allegations in Paragraph 193 and therefore denies them.

194. FCA US is without sufficient information to admit or deny the allegations in Paragraph 194 and therefore denies them.

195. FCA US is without sufficient information to admit or deny the allegations in Paragraph 195 and therefore denies them.

196. FCA US is without sufficient information to admit or deny the allegations in Paragraph 196 and therefore denies them.

197. FCA US is without sufficient information to admit or deny the allegations in Paragraph 197 and therefore denies them.

198. FCA US denies the allegations in Paragraph 198.

199.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 199 and therefore denies them.

200.    FCA US admits that its records indicate an individual named Stephanie Gelber purchased a new model-year 2021 Jeep Wrangler PHEV in September 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 200 and therefore denies them.

201.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 201 and therefore denies them.

202.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 202 and therefore denies them.

203.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 203 and therefore denies them.

204.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 204 and therefore denies them.

205.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 205 and therefore denies them.

206.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 206 and therefore denies them.

207.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 207 and therefore denies them.

208.    FCA US denies the allegations in Paragraph 208.

209.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 209 and therefore denies them.

210. FCA US admits that its records indicate an individual named Jason Figley purchased a new model-year 2023 Jeep Wrangler PHEV in December 2023. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 210 and therefore denies them.

211. FCA US is without sufficient information to admit or deny the allegations in Paragraph 211 and therefore denies them.

212. FCA US is without sufficient information to admit or deny the allegations in Paragraph 212 and therefore denies them.

213. FCA US is without sufficient information to admit or deny the allegations in Paragraph 213 and therefore denies them.

214. FCA US is without sufficient information to admit or deny the allegations in Paragraph 214 and therefore denies them.

215. FCA US is without sufficient information to admit or deny the allegations in Paragraph 215 and therefore denies them.

216. FCA US denies the allegations in Paragraph 216.

217. FCA US is without sufficient information to admit or deny the allegations in Paragraph 217 and therefore denies them.

218. FCA US admits that its records indicate an individual named Anshuman Singh purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 218 and therefore denies them.

219. FCA US is without sufficient information to admit or deny the allegations in Paragraph 219 and therefore denies them.

220.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 220 and therefore denies them.

221.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 221 and therefore denies them.

222.    FCA US denies the allegations in Paragraph 222.

223.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 223 and therefore denies them.

224.    FCA US admits that its records indicate an individual named Theresa Clark purchased a new model-year 2021 Jeep Wrangler PHEV in December 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 224 and therefore denies them.

225.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 225 and therefore denies them.

226.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 226 and therefore denies them.

227.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 227 and therefore denies them.

228.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 228 and therefore denies them.

229.    FCA US denies the allegations in Paragraph 229.

230.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 230 and therefore denies them.

231.     FCA US admits that its records indicate an individual named Jeremy Erskine purchased a new model-year 2021 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 231 and therefore denies them.

232.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 232 and therefore denies them.

233.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 233 and therefore denies them.

234.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 234 and therefore denies them.

235.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 235 and therefore denies them.

236.     FCA US denies the allegations in Paragraph 236.

237.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 237 and therefore denies them.

238.     FCA US admits that its records indicate an individual named Michael Lindgren purchased a new model-year 2021 Jeep Wrangler PHEV in July 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 238 and therefore denies them.

239.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 239 and therefore denies them.

240.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 240 and therefore denies them.

241.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 241 and therefore denies them.

242.    FCA US denies the allegations in Paragraph 242.

243.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 243 and therefore denies them.

244.    FCA US admits that its records indicate an individual named Michael McGowan purchased a new model-year 2021 Jeep Wrangler PHEV in April 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 244 and therefore denies them.

245.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 245 and therefore denies them.

246.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 246 and therefore denies them.

247.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 247 and therefore denies them.

248.    FCA US denies the allegations in Paragraph 248.

249.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 249 and therefore denies them.

250.    FCA US admits that its records indicate an individual named Renee Miller purchased a new model-year 2022 Jeep Grand Cherokee PHEV in December 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 250 and therefore denies them.

251. FCA US is without sufficient information to admit or deny the allegations in Paragraph 251 and therefore denies them.

252. FCA US is without sufficient information to admit or deny the allegations in Paragraph 252 and therefore denies them.

253. FCA US is without sufficient information to admit or deny the allegations in Paragraph 253 and therefore denies them.

254. FCA US denies the allegations in Paragraph 254.

255. FCA US is without sufficient information to admit or deny the allegations in Paragraph 255 and therefore denies them.

256. FCA US admits that its records indicate an individual named Gabriel Morrison purchased a new model-year 2023 Jeep Wrangler PHEV in October 2022. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 256 and therefore denies them.

257. FCA US is without sufficient information to admit or deny the allegations in Paragraph 257 and therefore denies them.

258. FCA US is without sufficient information to admit or deny the allegations in Paragraph 258 and therefore denies them.

259. FCA US is without sufficient information to admit or deny the allegations in Paragraph 259 and therefore denies them.

260. FCA US is without sufficient information to admit or deny the allegations in Paragraph 260 and therefore denies them.

261. FCA US denies the allegations in Paragraph 261.

262.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 262 and therefore denies them.

263.     FCA US admits that its records indicate an individual named Jeffrey Monheit purchased a new model-year 2022 Jeep Grand Cherokee PHEV in December 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 263 and therefore denies them.

264.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 264 and therefore denies them.

265.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 265 and therefore denies them.

266.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 266 and therefore denies them.

267.     FCA US denies the allegations in Paragraph 267.

268.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 268 and therefore denies them.

269.     FCA US admits that its records indicate an individual named Mackenzie Pirie purchased a used model-year 2021 Jeep Wrangler PHEV in March 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 269 and therefore denies them.

270.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 270 and therefore denies them.

271.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 271 and therefore denies them.

272.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 272 and therefore denies them.

273.     FCA US denies the allegations in Paragraph 273.

274.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 274 and therefore denies them.

275.     FCA US admits that its records indicate an individual named Amy Schachow purchased a new model-year 2022 Jeep Wrangler PHEV in May 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 275 and therefore denies them.

276.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 276 and therefore denies them.

277.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 277 and therefore denies them.

278.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 278 and therefore denies them.

279.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 279 and therefore denies them.

280.     FCA US denies the allegations in Paragraph 280.

281.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 281 and therefore denies them.

282.     FCA US admits that its records indicate an individual named Michael Bennett purchased a new model-year 2022 Jeep Wrangler PHEV in June 2022.  FCA US is without

sufficient information to admit or deny the remaining allegations in Paragraph 282 and therefore denies them.

283.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 283 and therefore denies them.

284.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 284 and therefore denies them.

285.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 285 and therefore denies them.

286.    FCA US denies the allegations in Paragraph 286.

287.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 287 and therefore denies them.

288.    FCA US admits that its records indicate an individual named Chad Altschafl purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 288 and therefore denies them.

289.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 289 and therefore denies them.

290.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 290 and therefore denies them.

291.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 291 and therefore denies them.

292.    FCA US denies the allegations in Paragraph 292.

293.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 293 and therefore denies them.

294.     FCA US admits that its records indicate an individual named Jennifer Berner purchased a new model-year 2022 Jeep Wrangler PHEV in September 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 294 and therefore denies them.

295.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 295 and therefore denies them.

296.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 296 and therefore denies them.

297.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 297 and therefore denies them.

298.     FCA US denies the allegations in Paragraph 298.

299.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 299 and therefore denies them.

300.     FCA US admits that its records indicate an individual named Mike Chavez purchased a new model-year 2021 Jeep Wrangler PHEV in September 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 300 and therefore denies them.

301.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 301 and therefore denies them.

302.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 302 and therefore denies them.

303. FCA US is without sufficient information to admit or deny the allegations in Paragraph 303 and therefore denies them.

304. FCA US denies the allegations in Paragraph 304.

305-310. Plaintiff Jillian Kavanagh dismissed her claims against FCA US on July 2, 2024, *see* D.I. 64, and thus these paragraphs require no response. To the extent any response is required, FCA US is without sufficient information to admit or deny the allegations in Paragraphs 305-310 and therefore denies them.

311. FCA US is without sufficient information to admit or deny the allegations in Paragraph 311 and therefore denies them.

312. FCA US admits that its records indicate an individual named Frank Koss purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 312 and therefore denies them.

313. FCA US is without sufficient information to admit or deny the allegations in Paragraph 313 and therefore denies them.

314. FCA US is without sufficient information to admit or deny the allegations in Paragraph 314 and therefore denies them.

315. FCA US is without sufficient information to admit or deny the allegations in Paragraph 315 and therefore denies them.

316. FCA US denies the allegations in Paragraph 316.

317. FCA US is without sufficient information to admit or deny the allegations in Paragraph 317 and therefore denies them.

318.    FCA US admits that its records indicate an individual named William Nevitt purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 318 and therefore denies them.

319.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 319 and therefore denies them.

320.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 320 and therefore denies them.

321.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 321 and therefore denies them.

322.    FCA US denies the allegations in Paragraph 322.

323.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 323 and therefore denies them.

324.    FCA US admits that its records indicate an individual named Matthew Raque purchased a new model-year 2022 Jeep Grand Cherokee PHEV in January 2023.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 324 and therefore denies them.

325.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 325 and therefore denies them.

326.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 326 and therefore denies them.

327.    FCA US is without sufficient information to admit or deny the allegations in Paragraph 327 and therefore denies them.

328.     FCA US denies the allegations in Paragraph 328.

329.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 329 and therefore denies them.

330.     FCA US admits that its records indicate an individual named George Souders purchased a new model-year 2022 Jeep Grand Cherokee PHEV in October 2022.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 330 and therefore denies them.

331.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 331 and therefore denies them.

332.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 332 and therefore denies them.

333.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 333 and therefore denies them.

334.     FCA US denies the allegations in Paragraph 334.

335.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 335 and therefore denies them.

336.     FCA US admits that its records indicate an individual named Gregory Grigoriou purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 336 and therefore denies them.

337.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 337 and therefore denies them.

338.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 338 and therefore denies them.

339.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 339 and therefore denies them.

340.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 340 and therefore denies them.

341.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 341 and therefore denies them.

342.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 342 and therefore denies them.

343.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 343 and therefore denies them.

344.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 344 and therefore denies them.

345.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 345 and therefore denies them.

346.     FCA US denies the allegations in Paragraph 346.

347.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 347 and therefore denies them.

348.     FCA US admits that its records indicate an individual named Aaron Kornblum purchased a new model-year 2021 Jeep Wrangler PHEV in May 2021.  FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 348 and therefore denies them.

349. FCA US is without sufficient information to admit or deny the allegations in Paragraph 349 and therefore denies them.

350. FCA US is without sufficient information to admit or deny the allegations in Paragraph 350 and therefore denies them.

351. FCA US is without sufficient information to admit or deny the allegations in Paragraph 351 and therefore denies them.

352. FCA US is without sufficient information to admit or deny the allegations in Paragraph 352 and therefore denies them.

353. FCA US denies the allegations in Paragraph 353.

354. FCA US is without sufficient information to admit or deny the allegations in Paragraph 354 and therefore denies them.

355. FCA US admits that its records indicate an individual named Tracy Hansen purchased a used model-year 2021 Jeep Wrangler PHEV in June 2022. FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 355 and therefore denies them.

356. FCA US is without sufficient information to admit or deny the allegations in Paragraph 356 and therefore denies them.

357. FCA US is without sufficient information to admit or deny the allegations in Paragraph 357 and therefore denies them.

358. FCA US denies the allegations in Paragraph 358.

359. FCA US is without sufficient information to admit or deny the allegations in Paragraph 359 and therefore denies them.

360.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 360 and therefore denies them.

361.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 361 and therefore denies them.

362.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 362 and therefore denies them.

363.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 363 and therefore denies them.

364.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 364 and therefore denies them.

365.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 365 and therefore denies them.

366.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 366 and therefore denies them.

367.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 367 and therefore denies them.

368.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 368 and therefore denies them.

369.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 369 and therefore denies them.

370.     FCA US denies the allegations in Paragraph 370.

371.     FCA US admits that Plaintiffs have filed this case as a class action and purport to define a certain putative class, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 371.

372.     FCA US admits that Plaintiffs have filed this case as a class action and purport to define certain putative subclasses, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 372.

373.     FCA US denies the allegations in Paragraph 373.

374.     FCA US denies the allegations in Paragraph 374.

375.     FCA US denies the allegations in Paragraph 375.

376.     FCA US denies the allegations in Paragraph 376.

377.     FCA US denies the allegations in Paragraph 377.

378.     FCA US denies the allegations in Paragraph 378.

**CLAIMS FOR RELIEF**

**COUNT I**
**Common Law Fraud by Omission**

379.     FCA US incorporates each of its preceding responses as though fully set forth herein.

380.     FCA US admits that Plaintiffs purport to bring this count on behalf of themselves and the putative classes, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 380.

381.     FCA US denies the allegations in Paragraph 381.

382.     FCA US denies the allegations in Paragraph 382.

383.     FCA US denies the allegations in Paragraph 383.

384.     FCA US denies the allegations in Paragraph 384.

385. FCA US denies the allegations in Paragraph 385.

386. FCA US denies the allegations in Paragraph 386.

387. FCA US denies the allegations in Paragraph 387.

388. FCA US denies the allegations in Paragraph 388.

389. FCA US denies the allegations in Paragraph 389.

390. FCA US denies the allegations in Paragraph 390.

## COUNT II
### Common Law Fraud – Affirmative Misrepresentation

391-404. The Court dismissed Count II in its entirety, *see* D.I. 70¸ and thus these paragraphs require no response. To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT III
### Equitable Injunctive and Declaratory Relief

405. FCA US incorporates each of its preceding responses as though fully set forth herein.

406. FCA US denies the allegations in Paragraph 406.

407. FCA US denies the allegations in Paragraph 407.

408. FCA US denies the allegations in Paragraph 408.

## COUNT IV
### Maryland Consumer Protection Act

409. FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count IV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

410. FCA US denies the allegations in Paragraph 410.

411. FCA US denies the allegations in Paragraph 411.

412. FCA US denies the allegations in Paragraph 412.

413. FCA US denies the allegations in Paragraph 413.

414. FCA US denies the allegations in Paragraph 414.

415. FCA US denies the allegations in Paragraph 415.

416. FCA US denies the allegations in Paragraph 416.

417. FCA US denies the allegations in Paragraph 417.

418. FCA US denies the allegations in Paragraph 418.

419. FCA US denies the allegations in Paragraph 419.

420. FCA US denies the allegations in Paragraph 420.

421. FCA US denies the allegations in Paragraph 421.

422. FCA US denies the allegations in Paragraph 422.

423. FCA US denies the allegations in Paragraph 423.

## COUNT V
## Michigan Consumer Protection Act

424-441. The Court dismissed Count V in its entirety, *see* D.I. 70, and thus these paragraphs require no response. To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT VI
## Equitable Injunctive and Declaratory Relief

442. FCA US incorporates each of its preceding responses as though fully set forth herein.

443. FCA US denies the allegations in Paragraph 443.

444. FCA US denies the allegations in Paragraph 444.

445.     FCA US denies the allegations in Paragraph 445.

446.     FCA US denies the allegations in Paragraph 446.

447.     FCA US denies the allegations in Paragraph 447.

448.     FCA US denies the allegations in Paragraph 448.

449.     FCA US denies the allegations in Paragraph 449.

450.     FCA US denies the allegations in Paragraph 450.

451.     FCA US denies the allegations in Paragraph 451.

452.     FCA US denies the allegations in Paragraph 452.

453.     FCA US denies the allegations in Paragraph 453.

454.     FCA US denies the allegations in Paragraph 454.

455.     FCA US denies the allegations in Paragraph 455.

## COUNT VII
### Magnuson-Moss Warranty Act

456-465.     The Court dismissed Count VII in its entirety, *see* D.I. 70¸ and thus these paragraphs require no response.  To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT VIII
### Breach of Express Warranty

466-481.     The Court dismissed Count VIII in its entirety, *see* D.I. 70¸ and thus these paragraphs require no response.  To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT IX
### Unjust Enrichment/Restitution

482.     FCA US incorporates each of its preceding responses as though fully set forth herein.

483.    FCA US denies the allegations in Paragraph 483.

484.    FCA US denies the allegations in Paragraph 484.

485.    FCA US denies the allegations in Paragraph 485.

486.    FCA US denies the allegations in Paragraph 486.

487.    FCA US denies the allegations in Paragraph 487.

488.    FCA US denies the allegations in Paragraph 488.

489.    FCA US denies the allegations in Paragraph 489.

490.    FCA US denies the allegations in Paragraph 490.

491.    FCA US denies the allegations in Paragraph 491.

492.    FCA US denies the allegations in Paragraph 492.

**COUNT X**
**New York General Business Law § 349**

493.    FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count X to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

494.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 494.

495.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 495.

496.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 496.

497.    FCA US denies the allegations in Paragraph 497.

498.    FCA US denies the allegations in Paragraph 498.

499.     FCA US denies the allegations in Paragraph 499.

500.     FCA US denies the allegations in Paragraph 500.

501.     FCA US denies the allegations in Paragraph 501.

502.     FCA US denies the allegations in Paragraph 502.

503.     FCA US denies the allegations in Paragraph 503.

504.     FCA US denies the allegations in Paragraph 504.

505.     FCA US denies the allegations in Paragraph 505.

506.     FCA US denies the allegations in Paragraph 506.

507.     FCA US denies the allegations in Paragraph 507.

508.     FCA US denies the allegations in Paragraph 508.

509.     FCA US denies the allegations in Paragraph 509.

## COUNT XII[1]
## New York General Business Law § 350

510.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

511.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 511.

512.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 512.

---

[1] The CAC skips directly from Count X to Count XII.

513.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 513.

514.     FCA US denies the allegations in Paragraph 514.

515.     FCA US denies the allegations in Paragraph 515.

516.     FCA US denies the allegations in Paragraph 516.

## COUNT XIII
## Minnesota Prevention of Consumer Fraud Act

517.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XIII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

518.     FCA US admits that Plaintiff Forst purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 518.

519.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 519.

520.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 520.

521.     FCA US denies the allegations in Paragraph 521.

522.     FCA US denies the allegations in Paragraph 522.

523.     FCA US denies the allegations in Paragraph 523.

524.     FCA US denies the allegations in Paragraph 524.

525.     FCA US denies the allegations in Paragraph 525.

526.     FCA US denies the allegations in Paragraph 526.

527.    FCA US denies the allegations in Paragraph 527.

528.    FCA US denies the allegations in Paragraph 528.

529.    FCA US denies the allegations in Paragraph 529.

530.    FCA US denies the allegations in Paragraph 530.

## COUNT XIV
## Iowa Private Right of Action for the Consumer Frauds Act

531.    FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XIV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

532.    FCA US admits that Plaintiff Nau purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 532.

533.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 533.

534.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 534.

535.    FCA US denies the allegations in Paragraph 535.

536.    FCA US denies the allegations in Paragraph 536.

537.    FCA US denies the allegations in Paragraph 537.

538.    FCA US denies the allegations in Paragraph 538.

539.    FCA US denies the allegations in Paragraph 539.

540.    FCA US denies the allegations in Paragraph 540.

541.    FCA US denies the allegations in Paragraph 541.

542.    FCA US denies the allegations in Paragraph 542.

543.    FCA US denies the allegations in Paragraph 543.

544.    FCA US denies the allegations in Paragraph 544.

545.    FCA US denies the allegations in Paragraph 545.

546.    FCA US denies the allegations in Paragraph 546.

547.    FCA US denies the allegations in Paragraph 547.

548.    FCA US denies the allegations in Paragraph 548.

549.    FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 549.

### COUNT XV
### Montana Unfair Trade Practices and Consumer Protection

550.    FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

551.    FCA US admits that Plaintiff Gittings purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 551.

552.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 552.

553.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 553.

554.    FCA US denies the allegations in Paragraph 554.

555.    FCA US denies the allegations in Paragraph 555.

556.    FCA US denies the allegations in Paragraph 556.

557.    FCA US denies the allegations in Paragraph 557.

558.    FCA US denies the allegations in Paragraph 558.

559.    FCA US denies the allegations in Paragraph 559.

560.    FCA US denies the allegations in Paragraph 560.

561.    FCA US denies the allegations in Paragraph 561.

562.    FCA US denies the allegations in Paragraph 562.

563.    FCA US denies the allegations in Paragraph 563.

564.    FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 564.

### COUNT XVI
### Georgia's Fair Business Practices Act

565.    FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count XVI to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

566.    FCA US admits that Plaintiff Thompson purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 566.

567.    FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 567.

568.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 568.

569.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 569.

570.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 570.

571.     FCA US denies the allegations in Paragraph 571.

572.     FCA US denies the allegations in Paragraph 572.

573.     FCA US denies the allegations in Paragraph 573.

574.     FCA US denies the allegations in Paragraph 574.

575.     FCA US denies the allegations in Paragraph 575.

576.     FCA US states that the referenced rules and statutes speak for themselves.  To the extent a response is required, FCA US denies the allegations in Paragraph 576.

577.     FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 577.

## COUNT XVII
## Georgia's Uniform Deceptive Trade Practices Act

578.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XVII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

579. FCA US admits that Plaintiff Thompson purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 579.

580. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 580.

581. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 581.

582. FCA US denies the allegations in Paragraph 582.

583. FCA US denies the allegations in Paragraph 583.

584. FCA US denies the allegations in Paragraph 584.

585. FCA US denies the allegations in Paragraph 585.

586. FCA US denies the allegations in Paragraph 586.

587. FCA US denies the allegations in Paragraph 587.

588. FCA US denies the allegations in Paragraph 588.

589. FCA US denies the allegations in Paragraph 589.

590. FCA US denies the allegations in Paragraph 590.

591. FCA US denies the allegations in Paragraph 591.

592. FCA US denies the allegations in Paragraph 592.

593. FCA US denies the allegations in Paragraph 593.

594. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 594.

## COUNT XVIII
### Breach of Implied Warranty - Georgia

595.     FCA US incorporates each of its preceding responses as though fully set forth herein.

596.     FCA US admits that Plaintiff Thompson purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 596.

597.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 597.

598.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 598.

599.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 599.

600.     FCA US denies the allegations in Paragraph 600.

601.     FCA US denies the allegations in Paragraph 601.

602.     FCA US denies the allegations in Paragraph 602.

603.     FCA US denies the allegations in Paragraph 603.

604.     FCA US denies the allegations in Paragraph 604.

605.     FCA US denies the allegations in Paragraph 605.

## COUNT XIX
### Ohio's Consumer Sales Practices Act

606.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XIX to the extent it asserts any

affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

608. FCA US admits that Plaintiffs Kwiatkowski and Hansen purport to bring this count on behalf of themselves and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 607.

608. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 608.

609. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 609.

610. FCA US denies the allegations in Paragraph 610.

611. FCA US denies the allegations in Paragraph 611.

612. FCA US denies the allegations in Paragraph 612.

613. FCA US denies the allegations in Paragraph 613.

614. FCA US denies the allegations in Paragraph 614.

615. FCA US denies the allegations in Paragraph 615.

616. FCA US denies the allegations in Paragraph 616.

617. FCA US denies the allegations in Paragraph 617.

## COUNT XX
## Implied Warranty in Tort - Ohio

618. FCA US incorporates each of its preceding responses as though fully set forth herein.

619. FCA US admits that Plaintiffs Kwiatkowski and Hansen purport to bring this count on behalf of themselves and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 619.

620. FCA US denies the allegations in Paragraph 620.

621. FCA US denies the allegations in Paragraph 621.

622. FCA US denies the allegations in Paragraph 622.

623. FCA US denies the allegations in Paragraph 623.

624. FCA US denies the allegations in Paragraph 624.

625. FCA US denies the allegations in Paragraph 625.

## COUNT XXI
## Breach of Implied Warranty – Pennsylvania

626. FCA US incorporates each of its preceding responses as though fully set forth herein.

627. FCA US admits that Plaintiff Figley purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 627.

628. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 628.

629. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 629.

630. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 630.

631. FCA US denies the allegations in Paragraph 631.

632. FCA US denies the allegations in Paragraph 632.

633. FCA US denies the allegations in Paragraph 633.

634. FCA US denies the allegations in Paragraph 634.

635. FCA US denies the allegations in Paragraph 635.

636.     FCA US denies the allegations in Paragraph 636.

## COUNT XXII
**Pennsylvania Unfair Trade Practices and Consumer Protection**

637.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

638.     FCA US admits that Plaintiff Figley purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 638.

639.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 639.

640.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 640.

641.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 641.

642.     FCA US denies the allegations in Paragraph 642.

643.     FCA US denies the allegations in Paragraph 643.

644.     FCA US denies the allegations in Paragraph 644.

645.     FCA US denies the allegations in Paragraph 645.

646.     FCA US denies the allegations in Paragraph 646.

647.     FCA US denies the allegations in Paragraph 647.

648.     FCA US denies the allegations in Paragraph 648.

649.     FCA US denies the allegations in Paragraph 649.

650.     FCA US denies the allegations in Paragraph 650.

651.     FCA US denies the allegations in Paragraph 651.

652.     FCA US denies the allegations in Paragraph 652.

653.     FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 653.

## COUNT XXIII
## California Consumer Legal Remedies Act

654.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXIII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

655.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 655.

656.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 656.

657.     FCA US denies the allegations in Paragraph 657.

658.     FCA US denies the allegations in Paragraph 658.

659.     FCA US denies the allegations in Paragraph 659.

660.     FCA US denies the allegations in Paragraph 660.

661.     FCA US denies the allegations in Paragraph 661.

662.     FCA US denies the allegations in Paragraph 662.

663.     FCA US denies the allegations in Paragraph 663.

664.     FCA US denies the allegations in Paragraph 664.

665. FCA US denies the allegations in Paragraph 665.

666. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 666.

## COUNT XXIV
## California Unfair Competition Law

667-673. The Court dismissed Count XXIV in its entirety, *see* D.I. 70, and thus these paragraphs require no response. To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT XXV
## California False Advertising Law

674. FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count XXV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

675. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 675.

676. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 676.

677. FCA US denies the allegations in Paragraph 677.

678. FCA US denies the allegations in Paragraph 678.

679. FCA US denies the allegations in Paragraph 679.

680. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 680.

## COUNT XXVI
## Colorado Consumer Protection Act

681. FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count XXVI to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

682. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 682.

683. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 683.

684. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 684.

685. FCA US denies the allegations in Paragraph 685.

686. FCA US denies the allegations in Paragraph 686.

687. FCA US denies the allegations in Paragraph 687.

688. FCA US denies the allegations in Paragraph 688.

689. FCA US denies the allegations in Paragraph 689.

690. FCA US denies the allegations in Paragraph 690.

691. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 691.

## COUNT XXVII
## New Hampshire Consumer Protection Act

692. FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count XXVII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

693. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 693.

694. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 694.

695. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 695.

696. FCA US denies the allegations in Paragraph 696.

697. FCA US denies the allegations in Paragraph 697.

698. FCA US denies the allegations in Paragraph 698.

699. FCA US denies the allegations in Paragraph 699.

700. FCA US denies the allegations in Paragraph 700.

701. FCA US denies the allegations in Paragraph 701.

702. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 702.

## COUNT XXVIII
## Oregon Unlawful Trade Practices Act

703.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXVIII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

704.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 704.

705.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 705.

706.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 706.

707.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 707.

708.     FCA US denies the allegations in Paragraph 708.

709.     FCA US denies the allegations in Paragraph 709.

710.     FCA US denies the allegations in Paragraph 710.

711.     FCA US denies the allegations in Paragraph 711.

712.     FCA US denies the allegations in Paragraph 712.

713.     FCA US denies the allegations in Paragraph 713.

714.     FCA US denies the allegations in Paragraph 714.

715.     FCA US denies the allegations in Paragraph 715.

716.     FCA US is without sufficient information to admit or deny the allegations in Paragraph 716 and therefore denies them.

## COUNT XXIX
## Wisconsin Deceptive Trade Practices Act

717-723.　　　The Court dismissed Count XXIX in its entirety, *see* D.I. 70, and thus these paragraphs require no response.  To the extent any response is required to the allegations set forth therein, FCA US denies them.

## COUNT XXX
## Nebraska Consumer Protection Act

724.　　FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXX to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

725.　　FCA US admits that Plaintiff Berner purports to bring this count on behalf of herself and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 725.

726.　　FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 726.

727.　　FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 727.

728.　　FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 728.

729.　　FCA US denies the allegations in Paragraph 729.

730.　　FCA US denies the allegations in Paragraph 730.

731.　　FCA US denies the allegations in Paragraph 731.

732.　　FCA US denies the allegations in Paragraph 732.

733.     FCA US denies the allegations in Paragraph 733.

734.     FCA US denies the allegations in Paragraph 734.

735.     FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 735.

## COUNT XXXI
### Massachusetts Deceptive Acts or Practices

736.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXXI to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

737.     FCA US admits that Plaintiff Kavanagh purports to bring this count on behalf of himself and a putative subclass, but Kavanagh dismissed her claims against FCA US on July 2, 2024.  Answering further, FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 737.

738.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 738.

739.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 739.

740.     FCA US denies the allegations in Paragraph 740.

741.     FCA US denies the allegations in Paragraph 741.

742.     FCA US denies the allegations in Paragraph 742.

743.     FCA US denies the allegations in Paragraph 743.

744.     FCA US denies the allegations in Paragraph 744.

745.    FCA US denies the allegations in Paragraph 745.

746.    FCA US denies the allegations in Paragraph 746.

747.    FCA US denies the allegations in Paragraph 747.

748.    FCA US denies the allegations in Paragraph 748.

749.    FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 749.

## COUNT XXXII
## Vermont Consumer Protection Act

750.    FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXXII to the extent it asserts any affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

751.    FCA US admits that Plaintiff Koss purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 751.

752.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 752.

753.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 753.

754.    FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 754

755.    FCA US denies the allegations in Paragraph 755.

756. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 756

757. FCA US denies the allegations in Paragraph 757.

758. FCA US denies the allegations in Paragraph 758.

759. FCA US denies the allegations in Paragraph 759.

760. FCA US denies the allegations in Paragraph 760.

761. FCA US denies the allegations in Paragraph 761.

762. FCA US denies the allegations in Paragraph 762.

763. FCA US denies the allegations in Paragraph 763.

764. FCA US denies the allegations in Paragraph 764.

765. FCA US denies the allegations in Paragraph 765.

766. FCA US denies the allegations in Paragraph 766.

767. FCA US denies the allegations in Paragraph 767.

768. FCA US denies the allegations in Paragraph 768.

769. FCA US denies the allegations in Paragraph 769.

770. FCA US denies the allegations in Paragraph 770.

771. FCA US denies the allegations in Paragraph 771.

772. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 772.

## COUNT XXXIII
### Illinois Consumer Fraud and Deceptive Business Practices

773. FCA US incorporates each of its preceding responses as though fully set forth herein. Answering further, the Court has dismissed Count XXXIII to the extent it asserts any

affirmative misrepresentation, *see* D.I. 70¸ and thus any such allegations require no response. To the extent any response is required thereto, FCA US denies them.

774. FCA US admits that Plaintiffs McGowan and Raque purport to bring this count on behalf of themselves and a putative subclass, but FCA US denies that any class could or should be certified. FCA US further denies the remaining allegations in Paragraph 774.

775. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 775.

776. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 776.

777. FCA US states that the referenced statute speaks for itself. To the extent a response is required, FCA US denies the allegations in Paragraph 777.

778. FCA US denies the allegations in Paragraph 778.

779. FCA US denies the allegations in Paragraph 779.

780. FCA US denies the allegations in Paragraph 780.

781. FCA US denies the allegations in Paragraph 781.

782. FCA US denies the allegations in Paragraph 782.

783. FCA US denies the allegations in Paragraph 783.

784. FCA US denies the allegations in Paragraph 784.

785. FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek. FCA US further denies the remaining allegations in Paragraph 785.

## COUNT XXXIV
## New Jersey Consumer Fraud Act

786.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXXIV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

787.     FCA US admits that Plaintiff Nevitt purports to bring this count on behalf of himself and a putative subclass, but FCA US denies that any class could or should be certified.  FCA US further denies the remaining allegations in Paragraph 787.

788.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 788.

789.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 789.

790.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 790.

791.     FCA US denies the allegations in Paragraph 791.

792.     FCA US denies the allegations in Paragraph 792.

793.     FCA US denies the allegations in Paragraph 793.

794.     FCA US denies the allegations in Paragraph 794.

795.     FCA US denies the allegations in Paragraph 795.

796.     FCA US denies the allegations in Paragraph 796.

797.     FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 797.

## COUNT XXXV
## Connecticut Trade Practices Act

798.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXXV to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

799.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 799.

800.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 800.

801.     FCA US is without sufficient information to admit or deny the remaining allegations in Paragraph 801 and therefore denies them.

802.     FCA US denies the allegations in Paragraph 802.

803.     FCA US denies the allegations in Paragraph 803.

804.     FCA US denies the allegations in Paragraph 804.

805.     FCA US denies the allegations in Paragraph 805.

806.     FCA US denies the allegations in Paragraph 806.

807.     FCA US denies the allegations in Paragraph 807.

808.     FCA US denies the allegations in Paragraph 808.

809.     FCA US denies the allegations in Paragraph 809.

810.     FCA US denies the allegations in Paragraph 810.

811.     FCA US denies the allegations in Paragraph 811.

## COUNT XXXVI
## Washington Consumer Protection Act

812.     FCA US incorporates each of its preceding responses as though fully set forth herein.  Answering further, the Court has dismissed Count XXXVI to the extent it asserts any affirmative misrepresentation, *see* D.I. 70, and thus any such allegations require no response.  To the extent any response is required thereto, FCA US denies them.

813.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 813.

814.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 814.

815.     FCA US states that the referenced statute speaks for itself.  To the extent a response is required, FCA US denies the allegations in Paragraph 815.

816.     FCA US denies the allegations in Paragraph 816.

817.     FCA US denies the allegations in Paragraph 817.

818.     FCA US denies the allegations in Paragraph 818.

819.     FCA US denies the allegations in Paragraph 819.

820.     FCA US admits that Plaintiffs seek to recover damages and other relief but denies that Plaintiffs are entitled to the damages or relief they seek.  FCA US further denies the remaining allegations in Paragraph 820.

## Prayer for Relief

821.     FCA US denies that Plaintiffs are entitled to any of the damages or relief they seek.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' CAC fails to state a claim upon which relief can be granted for the reasons set forth in FCA US's briefing on its motion to dismiss (*see* D.I. 52, 53, 58), which is incorporated herein by reference.

### Second Affirmative Defense

Plaintiffs and the putative class members lack standing because they have suffered no injury-in-fact traceable to any alleged wrongful conduct of FCA US.

### Third Affirmative Defense

The alleged non-conformities do not substantially impair the use, value, or safety of the vehicle. Upon information and belief, Plaintiffs and the putative class members have not stopped using their vehicles, have driven their vehicles for years and for tens of thousands of miles without incident, and continue to drive their vehicles.

### Fourth Affirmative Defense

FCA US is entitled to a set off for Plaintiffs' and the putative class members' use of their vehicles, depreciation, and any and all recoupment of purported losses from other sources.

### Fifth Affirmative Defense

Upon information and belief, Plaintiffs and/or certain members of the putative class have misused, abused, altered, or spoliated their vehicles.

### Sixth Affirmative Defense

Upon information and belief, Plaintiffs and/or certain putative class members failed to mitigate their damages by failing to make a sufficient effort to have their vehicles repaired and/or

by failing to present their vehicles in a timely fashion to an authorized dealer for repair of the purported defect.

## Seventh Affirmative Defense

The claims pleaded are barred due to lack of privity and/or the lack of any relationship between FCA US and Plaintiffs and/or putative class members.

## Eighth Affirmative Defense

To the extent Plaintiffs and/or certain putative class members have suffered any injury or damage, the acts or omissions of individuals or entities other than FCA US constituted intervening, superseding acts destroying causation. Upon information and belief, certain third-party dealerships, independent repair shops, or other entities may have performed negligent, incomplete, or otherwise improper repairs of vehicles owned by Plaintiffs and/or putative class members. The actions of individuals or entities other than FCA US constitute intervening, superseding acts that destroy causation.

## Ninth Affirmative Defense

The claims of Plaintiffs and/or certain putative class members are barred, in whole or in part, by the doctrines of contributory negligence and/or comparative fault. Upon information and belief, Plaintiffs and/or certain putative class members have misused, abused, altered, and/or substantially modified their vehicles; have used their vehicles in ways not contemplated by the vehicle manufacturer; have used their vehicles in ways that are contrary to the terms of the vehicles' express warranties; have substantially altered or modified the vehicles in a manner inconsistent with original specifications and recommendations; and/or have failed to care for, maintain, and service their vehicles in conformance with the recommendations and requirements of the owner's manual and/or warranty booklet.

**Tenth Affirmative Defense**

Plaintiffs and/or the putative class members' claims are barred by the failure to experience a manifestation of any defect within the warranty period.

**Eleventh Affirmative Defense**

To the extent any purported defect exists in the vehicles at issue, Plaintiffs and/or certain putative class members purchased their vehicles with full knowledge of such defect.

**Twelfth Affirmative Defense**

The claims of Plaintiffs and/or certain putative class members are barred, in whole or in part, because they spoliated evidence. Upon information and belief, Plaintiffs and/or certain putative class members have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve or otherwise made it impossible for FCA US to gain access to relevant and material evidence. This includes Plaintiffs' and/or putative class members' vehicles in their purported defective condition; parts, components, or equipment of the vehicles owned by Plaintiffs and/or the putative class members in their purported defective condition; and documentation regarding the purported defect and repairs and attempted repairs of such purported defects.

**Thirteenth Affirmative Defense**

The vehicles sold to Plaintiffs and/or putative class members met the state of the art for such designs at the relevant time.

**Fourteenth Affirmative Defense**

The claims of Plaintiffs and/or certain putative class members may be barred, in whole or in part, because they have made statements or taken actions that estop or preclude them from asserting their claims or constitute waiver of their claims. Upon information and belief, Plaintiffs and/or putative class members continued to drive their vehicles after they became aware (or should

have become aware) of the purported defects.  Upon information and belief, certain putative class members also declined or failed to receive recommended repairs for the purported defects in their vehicles.

## Fifteenth Affirmative Defense

The claims of Plaintiffs and/or certain putative class members may be barred, in whole or in part, because of the res judicata or collateral estoppel effect of prior judgments.

## Sixteenth Affirmative Defense

This case may not be properly maintained or certified as a class action because FCA US's rights under the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution would be violated, as well as the comparable provisions of applicable state constitutions.

## Seventeenth Affirmative Defense

The claims of Plaintiffs and/or certain putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.  Upon information and belief, Plaintiffs and/or putative class members have received a cost-free repair of the alleged defect, were offered to be reimbursed and/or were reimbursed for repairs of the alleged defect, or otherwise voluntarily and knowingly resolved any claim that they may have had against FCA US.

## Eighteenth Affirmative Defense

The claims of Plaintiffs and/or certain persons alleged to be members of the purported class are barred, in whole or in part, by the doctrine of laches.

## Nineteenth Affirmative Defense

To the extent that Plaintiffs and/or putative class members seek punitive damages, the claim is barred and/or limited by the Due Process Clause of the United States Constitution, the

excessive fines clause of the Eighth Amendment, the Commerce Clause, and by applicable state law.

### Twentieth Affirmative Defense

The claims of Plaintiffs and/or putative class members are barred by the applicable statute of limitations and/or conditions precedent.

### Twenty-First Affirmative Defense

The National Highway Traffic Safety Administration has primary jurisdiction over motor vehicle safety defects, and this case should be dismissed or stayed until such time as it has investigated the alleged existence of a safety defect in the vehicles that are the subject of Plaintiffs' claims.

### Twenty-Second Affirmative Defense

Plaintiffs' and the putative class members' claims are barred by principles of preemption.

### Twenty-Third Affirmative Defense

The claims of Plaintiffs and/or certain putative class members are barred due to their failure to give pre-suit notice as required by consumer fraud and warranty statutes in the various states.

### Twenty-Fourth Affirmative Defense

Plaintiffs lack standing to prosecute claims on behalf of putative class members who purchased or leased vehicle models or model-years that Plaintiffs did not purchase or lease. Plaintiffs also lack standing to prosecute claims under the laws of any state other than where he/she resides and/or where he/she purchased/leased his vehicle.

### Twenty-Fifth Affirmative Defense

This Court lacks personal jurisdiction over the claims of any member of the putative class or any certified class whose claims do not arise out of, and have no connection to, FCA US's activities in the states where Plaintiffs purchased their respective vehicles.

### Twenty-Sixth Affirmative Defense

The claims at issue are exempt from applicable consumer fraud statutes by the operation of such provisions set forth therein.

### Twenty-Seventh Affirmative Defense

Plaintiffs and some or all of the members of the putative class have agreed to arbitrate their claims and thus such claims should be compelled to, and resolved by, arbitration.

### Twenty-Eighth Affirmative Defense

FCA US has insufficient knowledge and information upon which to determine whether additional affirmative defenses may be available which have not yet been asserted in this Answer and, therefore, reserves the right to assert additional affirmative defenses based on subsequent discovery, investigation and analysis.

### <u>JURY TRIAL DEMAND</u>

FCA US demands a trial by jury.

Dated: October 11, 2024

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

 /s/ *Patrick M. Brannigan*
Patrick M. Brannigan (DE No. 4778)
Jessica L. Reno (DE No. 5950)
222 Delaware Avenue, Suite 700
Wilmington, DE 19801
T: 302-574-7400
pbrannigan@eckertseamans.com
jreno@eckertseamans.com

-and-

**KLEIN THOMAS LEE & FRESARD**

Stephen A. D'Aunoy (*pro hac vice*)
Scott H. Morgan (*pro hac vice*)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
T: 314-888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that on October 11, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

 /s/ *Patrick M. Brannigan*