# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE CROWELL, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FCA US LLC, *et al.*,<br><br>    *Defendants*. | C.A. No. 1:23-cv-00013-MN |

## SCHEDULING ORDER [NON-PATENT; JURY TRIAL]

This __ day of November, 2024, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date the Court entered this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 26, 2025**.

Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8.

3. <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, *etc.*).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

   (a) Class Certification Fact Discovery Cut Off. All fact discovery relating to class certification in this case shall be initiated so that it will be completed on or before **September 12, 2025**.

   (b) Document Production. Document production related to class certification shall be substantially complete by **July 14, 2025**.

   (c) Requests for Admission. A maximum of **20** requests for admission are permitted for each side.

   (d) Interrogatories.

      i. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side to serve on each opposing party.

      ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

   (e) Depositions.

      i. Limitation on Hours for Deposition Discovery.

**Plaintiffs' Position:** Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination. This would allow the Defendant to initially take a sample of Plaintiffs' depositions, consistent with Supreme Court precedent reaffirming the propriety of establishing or defending against liability through use of a representative sample. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016). If, after taking 100 hours of deposition testimony, either party may request that the Court increase the number of deposition hours. The non-requesting party will not unreasonably withhold consent to any such request.

**FCA US's Position:** Each side is limited to one deposition of up to seven hours of each opposing party (*i.e.*, each plaintiff and a Rule 30(b)(6) representative of FCA US). Rule 30's limitations (*e.g.*, on the number and duration of depositions) otherwise apply.

Plaintiffs' reliance on *Tyson Foods, Inc.* is misplaced here. For instance, that case is an FLSA case holding only that statistical or "representative" evidence about the time employees needed for "donning and doffing protective gear" could be used in that specific context of a "collective action," something this case is not. *See* 136 S.Ct. at 1039. Moreover, *Tyson Foods* does not discuss depositions, and the defendant there was not arguing it should take the deposition of every single "donning and doffing" employee in the company. *See id.*

FCA US has the right to take the deposition of the opposing parties in this case. *See*, *e.g.*, Fed. R. Civ. P. 30 (a)(1); *see also Dysthe v. Basic*

4

*Research, L.L.C.*, 273 F.R.D. 625, 628-29 (C.D.Cal. 2011).  Not only that, but Plaintiffs' proposal unfairly hamstrings FCA US in allowing them to take at least 14 depositions of FCA US's corporate representative, other witnesses, and experts, whereas FCA US would not even be able to depose half of the Named Plaintiffs.

  ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court, or written agreement of the parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f) <u>Disclosure of Expert Testimony Relating to Class Certification.</u>

  i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **September 26, 2025**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 31, 2025**.  Reply expert reports from the party with the initial burden of proof, if any, are due on or before **November 26, 2025**.  No other class certification related expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions

of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.     Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion by no later than [**Plaintiffs' Position:  January 14, 2026** / **FCA US's Position:  February 13, 2026**]. Oppositions to any such motions shall be filed by [**Plaintiffs' Position:   February 18, 2026** / **FCA US's Position:  March 30, 2026**], and any replies in support of a party's objections to expert testimony shall be filed by [**Plaintiffs' Position: March 18, 2026 / FCA US's Position:  April 29, 2026**].

iii.     Expert Discovery Cut-Off.  All expert discovery relating to class certification in this case shall be initiated so that it will be completed on or before [**Plaintiffs' Position:   December 20, 2025** / **FCA US's Position: January 9, 2026**].

(g)     Discovery Matters and Disputes Relating to Protective Orders.

i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or

6

protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

  iii. On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

  iv. The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

  v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

8. <u>Motions to Amend / Motions to Strike.</u>

  (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

  (b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

9. <u>Class Certification Motion.</u>

Any motion to certify a class shall be made by [**Plaintiffs' Position: <u>January 14, 2026</u> / FCA US's Position: <u>February 13, 2026</u>**]. Any opposition shall be filed by [**Plaintiffs' Position: <u>February 18, 2026</u> / FCA US's Position: <u>March 30, 2026</u>**], and any reply in support of the motion shall be filed by [**Plaintiffs' Position: <u>March 18, 2026</u>** / FCA US's Position: **<u>April 29, 2026</u>**].

10. <u>Case Dispositive Motions.</u>

Following the decision on class certification, the parties request that the court hold a status conference to determine subsequent deadlines.

**Plaintiffs' Position:**

Plaintiffs believe the Court's default language should otherwise apply: Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the deadline for dispositive motions set by the Court without leave of the Court.

Federal Rule of Civil Procedure 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Courts interpreting "an early practicable time" have held that this phrase precludes, or at least discourages, a court from deciding a motion that reaches the merits of the litigation before deciding the issue of class certification.

**FCA US's Position:**

Given the complexity and nature of Plaintiffs' allegations, not to mention the number of claims that the thirty-five named plaintiffs assert, FCA US believes additional time beyond what

8

the Local Rules allow is necessary to adequately brief any case dispositive motion a party may file.

In addition, FCA US states that allowing it to move for summary judgment before a ruling on class certification promotes efficiency and judicial economy. By way of example, the analysis and resolution of summary judgment issues first could likely bear on class certification, including whether fewer plaintiffs, fewer claims, or both would even be relevant to a certification analysis. And, it is beyond dispute that it is in the best interest of putative class members to have the summary judgment motions decided before class certification. If the summary judgment motions are granted *after* a class is certified, putative class members' claims will be forever extinguished. A ruling on summary judgment *before* proceeding with class certification would protect these putative class members from this drastic effect.

Courts considering the issue repeatedly find that ruling on a summary judgment motion before ruling on a class certification motion promotes efficiency and judicial economy. In the event the Court is inclined to find otherwise, FCA US requests an opportunity to more fully brief the issue.

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before a date four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing.

(b)    <u>Concise Statement of Facts Requirement.</u>  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

11. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Status Conference Following Class Certification Determination</u>. Following its ruling on any motion for class certification, the Court will hold a status conference to address subsequent deadlines and proceedings, including the conclusion of additional fact or expert discovery, if any, and the scheduling of a pretrial conference and trial date.

13.     Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full business days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

14.     Trial.  This matter is scheduled for a **10** day jury trial beginning at 9:30 a.m. on **October 26, 2026**, with the subsequent trial days beginning at 9:00 a.m.[1]  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Maryellen Noreika
United States District Judge

---

[1] Both parties request an opportunity to amend their expectations for trial following the Court's determination on Plaintiffs' anticipated motion for class certification.

**Relevant Deadlines**

| EVENT | PLAINTIFFFS' PROPOSED DEADLINES | FCA US'S PROPOSED DEADLINES |
|---|---|---|
| Joinder of Other Parties and Amendment of Pleadings | September 26, 2025 | same |
| Substantial Completion of Class Certification Document Discovery | July 14, 2025 | same |
| Fact Discovery Related to Class Certification Cut-Off | September 12, 2025 | same |
| Plaintiffs' Class Certification Expert Reports | September 26, 2025 | same |
| Defendant's Class Certification Expert Rebuttal Reports | October 31, 2025 | same |
| Plaintiffs' Class Certification Expert Rebuttal Reports | November 26, 2025 | same |
| Expert Discovery Cut-Off | December 20, 2025 | January 9, 2026 |
| Motion for Class Certification<br><br>Objections to Expert Testimony | January 14, 2026 | February 13, 2026 |
| Opposition to Class Certification Motion<br><br>Oppositions to Expert Testimony | February 18, 2026 | March 30, 2026 |
| Replies in Support of Class Certification Motion<br><br>Replies in Support of Objections to Expert Testimony | March 18, 2026 | April 29, 2026 |
| Status Conference to Set Remaining Deadlines | Two weeks after the Court's decision on Class Certification | same |