# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JESSE CROWELL, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 1:23-cv-00013-MN |

## STIPULATED [PROPOSED] ORDER REGARDING PRODUCTION FORMAT OF ELECTRONICALLY STORED INFORMATION AND HARDCOPY DOCUMENTS

The procedures and protocols outlined herein govern the production of electronically stored information ("ESI") and hardcopy documents by the parties during the pendency of the above-captioned litigation (the "Action"). Subject to the Protective Order in this Action, this protocol governs all productions in the matter. The purpose of the protocol is to encourage reasonable electronic discovery, in cases where it is appropriate to conduct such discovery, with the goal of reducing cost, burden, and delay and to "secure the just, speedy, and inexpensive determination of every action and proceeding" pursuant to Fed. R. Civ. P. 1.

The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. These ESI Principles also promote the avoidance or early resolution of disputes regarding the discovery of ESI without Court intervention.

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i) Absent a showing of good cause by the requesting party, the parties will not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties will preserve the non-duplicative discoverable information currently in their possession, custody or control.

(ii) Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

Nothing in this protocol will limit a party's right to seek or object to discovery as set out in applicable rules or to object to the authenticity or admissibility of any hardcopy document or ESI produced in accordance with this protocol. The production formats for any other materials not addressed herein will be addressed by the parties meeting and conferring regarding the specific item or category of items.

This Protocol does not address, limit, or determine the relevance, discoverability, or admission into evidence of any ESI or document. Nor do the Parties waive any objections as to the production, discoverability, or confidentiality of any ESI or documents subject to this Protocol.

The Parties will conduct discovery in a cooperative manner, including without limitation, by reasonably drafting discovery requests and responses in accordance with Fed R. Civ. P. 1 and 26(g)(1); and producing ESI in accordance with Fed R. Civ. P. 34; and by meeting and conferring in good faith on topics such as identification of custodians of relevant ESI, potentially relevant data sources, search methodologies, and such other issues as may arise during the course of discovery.

## I. DEFINITIONS

**A.** "Electronically stored information," or "ESI," as used herein has the same meaning as in Federal Rules of Civil Procedure 26 and 34.

**B.** "Native," "Native format," or "Native data format" means and refers to the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities.

**C.** "Metadata" means and refers to information about information or data about data, and includes, without limitation: (i) information embedded in or associated with a Native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a Native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

**D.** "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure.

**E.** "Optical Character Recognition" or "OCR" means the process of recognizing and creating a file containing visible text within an image.

**F.** "Searchable Text" or "Extracted Text" means the native text extracted from an Electronic Document and any Optical Character Recognition text ("OCR text") generated from a Hard-Copy Document or electronic image.

**G.** "And" and "or" will be construed conjunctively or disjunctively as necessary to make their use inclusive rather than exclusive, e.g., "and" will be construed to mean "and/or."

**H.** "Include" and "Including" will be construed to mean "include but not be limited to" and "including, but not limited to."

I.      Reference to the singular will also be deemed to refer to the plural, and vice-versa.

J.      All other terms used herein will be defined as they are in the Sedona Conference Glossary: E-Discovery & Digital Information Management (Fourth Edition).

## II. PROCEDURES REGARDING DOCUMENT COLLECTION

A.      **Cooperative Process.**  This ESI protocol outlines an iterative process by which the parties will coordinate the identification, collection, and production of custodians, documents, and ESI.  The parties hereby agree that negotiations regarding search terms and other filtering methods to be used on custodial and non-custodial documents are intended to be a cooperative process, involving a good faith exchange of information and proposals to facilitate the negotiations.

B.      **Non-email ESI Searches.**  If the Producing Party elects to rely on search queries (*i.e.*, single terms or Boolean strings) to locate potentially responsive non-email ESI, it will disclose to the Receiving Party the information sources to be searched (such as shared drives, group folders, data warehouses, databases, or similar locations) and negotiate search terms to identify potentially responsive Documents.  The Producing Party will propose search terms, and then the Producing Party and Receiving Party will meet-and-confer and make good faith efforts to attempt to mutually agree upon search terms reasonably tailored to return Documents responsive to the discovery request at issue.  The Parties agree they may utilize the "metrics" approach outlined below as necessary for non-email ESI searches:

C.      **Email ESI Searches.**  If a Producing Party believes a search of emails is necessary to locate discoverable information, within a reasonable time after responding to written discovery, the Producing Party will provide to the Receiving Party a list identifying custodians who are likely to have responsive information along with the custodians' job titles, years of employment, and

brief description of each individual's involvement with the matter at issue. The Parties will work in good faith to identify and select custodians used in the searches.

The Parties agree that "metrics" searches, in which test searches are run on the email accounts of potential custodians, may help the Parties refine the searches and identify custodians whose emails will be searched, reviewed for production, and produced. If the Parties agree to use metrics, the Producing Party will provide to the Receiving Party the search terms used and the numerical results of the metrics searches, including the number of unique hits. The Parties also agree that sampling of search results, in which random samples of emails returned by search strings are reviewed, may help the Parties refine the searches and identify custodians whose emails will be searched, reviewed for production, and produced.

For any source of potentially responsive ESI, the Parties will work cooperatively and in good faith to mutually agree upon sources, search methodologies, and search strings reasonably tailored to return Documents responsive to the discovery request at issue, and to identify a reasonable number of sources and custodians. The development of search strings should be a collaborative and iterative process by the parties, supported by fact-based metrics analysis. If the Parties are unable to reach agreement, the Parties will submit the dispute to the Court within twenty-one days of the completion of meet and confer efforts.

### III. TECHNOLOGY-ASSISTED REVIEW

Depending on the volume of documents returned in response to Plaintiffs' requests and the search terms run, FCA US anticipates using predictive coding, *i.e.*, "Continuous Active Learning," to prioritize the documents to be reviewed and produced.

**IV. FORMAT OF PRODUCTION**

    **A.**    **General Production Format**. All documents produced pursuant to this Protocol, whether stored as paper or ESI, with the exceptions noted in paragraph II.D below, will be produced as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images, with Searchable Text and related path provided in document level text files. The parties agree to produce the load files in Concordance-delimited .dat files. Parties have no obligation to make non-text-searchable documents text-searchable (by OCR scanning, for example). If an original document contains color and there is a loss of meaningful color distinctions, then a party may request the document be produced in color, produced as single-page, 200 DPI JPG images with JPG compression and not degrading the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.

    **B.**    **Production of Certain Files in Native Format.**

        i.    Files not easily converted to image format, such as Excel and Access and PowerPoint files, may be produced in Native Format with a corresponding single-page Bates labeled TIFF placeholder. A link to the native files shall be provided in a native path field within the load file. At the producing party's option, or upon the parties' agreement, Native Excel or other spreadsheet files which are redacted may be redacted by overwriting the data contained in a particular cell, row, column, or tab with the word "REDACTED." These documents will be identified as redacted within the "REDACTED" field in the .DAT. In the event that a party believes a redacted Excel or other spreadsheet file produced in .TIFF format results in too great a reduction in its usability, the parties will meet and confer regarding re-production of the file in native format.

ii. PowerPoint or other presentation files that are identified as having animation, video, or sound will be produced in native format unless redacted. Native PowerPoint or other presentation files which are redacted may be produced as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images, with Searchable Text and related path provided in document level text files, with load files that will include all information contained in the original file, including but not limited to speaker notes and "hidden" slides, with any redaction clearly delineated. These documents will be identified as redacted within the "REDACTED" field in the .DAT. If the file contains video or audio components, the video or audio will be produced as Native files with appropriate links to the parent document. If the original of the redacted file produced in .TIFF format contained animation, video, or audio, that fact will be reflected by designation as applicable, and the resulting video or audio will be produced as native files with appropriate links to the parent document.

iii. Microsoft Word or other word-processing files will be produced as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images with extracted text, unless they contain tracked changes or comments, in which case they may instead be produced as native files, at the producing party's option. Regardless of whether produced as TIFF or native, all files will be produced with extracted text and related path provided in document level text files. Microsoft Word or other word-processing files which are redacted may be produced as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images, with Searchable Text and related path provided in document level text files. All word processing files produced will include all information contained in the original file, including but not limited to tracked changes, comments, and hidden text, with any

redaction clearly delineated. These documents will be identified as redacted within the "REDACTED" field in the .DAT. If the file contains video or audio components, the video or audio will be produced as native files with appropriate links to the parent document. If the original of the redacted file produced in .TIFF format contained animation, video, or audio, that fact will be reflected by designation as applicable, and the resulting video or audio will be produced as native files with appropriate links to the parent document.

    iv.  Audio and video files will be produced in native format. Should redaction be required, the parties will meet and confer promptly to determine a mechanism for accomplishing such redaction.

  **C.**  **Duplicates**. The Parties are not required to produce exact duplicates of electronic documents. Parties may de-duplicate identical ESI vertically within each custodian or horizontally across custodians. To "de-duplicate" across custodians means that exact duplicates of Documents held and produced by a particular custodian, as identified by MD5 hash value, but also residing with another custodian, need not be produced twice. Where a Document has been de-duplicated across multiple custodians, those additional custodians will be identified in the Additional Custodian meta-data field described below.

  **D.**  **System Files.** Electronic file collection may be "De-NISTed" at the producing party's option, removing commercially available, non-user created operating system and application files contained on the National Institute of Standards and Technology ("NIST") file list. Identification of NIST list matches will be through MD5 Hash values.

  **E.**  **Parent-Child Relationships.** When producing responsive documents, document families should be produced in full and in the order in which they are maintained in the normal course of business, *i.e.*, child documents should be included and produced consecutively numbered

immediately after the parent document.  Members of an otherwise responsive family should not be withheld except on the basis of a legally recognized claim of privilege.  If the parent or child is privileged and withheld on that basis, a slip sheet will be inserted in the production.

  **F.**  **Embedded Objects.**  Parties will not be required to extract and produce graphics and other objects embedded within production documents.

  **G.**  **Bates Numbering and Other Unique Identifiers.**  Each page of a Document produced (whether in paper or image format) shall have a sequential, legible, unique alphanumeric identifier ("Document Number") not less than six digits electronically endorsed onto the image at a place on the Document that does not obscure, conceal, or interfere with any information originally appearing on the Document.  The Document Number for each Document shall be unique and created so as to identify the Producing Party and the Document Number (*e.g.*, "FCA_Crowell0000000").

  **H.**  **Production Media.**  The Producing Party shall produce images of Documents on external hard drives, CDs, DVDs, secure electronic transmission (*e.g.*, an FTP site), or other mutually agreeable media ("Production Media").  Further, all photos which are originally in color shall be produced in color.  Each piece of Production Media shall include a unique identifying label corresponding to the identity of the Producing Party and the Document Number range in that production.

  **I.**  **Metadata.**  Metadata fields will be provided as set forth in the District of Delaware's default standard, available at https://www.ded.uscourts.gov/default-standard-discovery.

## V.  OBJECTIONS TO ESI PRODUCTION

If any formatting requirements or other specifications agreed to in this protocol are later determined by the producing party to be not feasible, the Parties will promptly meet and confer in order to attempt to agree upon appropriate modifications to the protocol before presenting any such issue to the Court.

## VI.  AUTHENTICITY AND ADMISSIBILITY

Nothing in this Protocol will be construed to affect the authenticity or admissibility of any document or data.  All objections to the authenticity and admissibility of any document or data are preserved and may be asserted at any time.

## VII.  DOCUMENTS PROTECTED FROM DISCOVERY

A. **Non-Waiver.**  *See* Protective Order, D.I. 87.

B. **Clawback Provision: Disputing Claims of Privilege over Produced Documents**. *See* Protective Order, D.I. 87.

C. **Documents Presumptively Excluded from Privilege Logs.**  The following documents presumptively need not be included on a privilege log:

   i. Communications exclusively between a Party and its outside counsel regarding this litigation.

   ii. Work product regarding this litigation and created after commencement of this Action.

   iii. In the interest of the Parties' time, and to minimize litigation costs, the Parties will in good faith negotiate the exclusion of any other categories of documents that, while technically responsive and privileged, are relatively irrelevant to the issues in the litigation.

## VIII. OTHER

Except as specifically set forth herein, nothing in this Protocol will alter the parties' respective responsibilities to otherwise comply with the applicable Federal Rules of Civil Procedure and any applicable Local Rules regarding the collection or production of ESI.

Respectfully submitted this 19th day of March 2025.

| | |
|---|---|
| /s/ P. Bradford deLeeuw<br>P. Bradford deLeeuw (DE Bar #3569)<br>**DELEEUW LAW LLC**<br>1301 Walnut Green Road<br>Wilmington, DE 19807<br>T: (302) 274-2180<br>brad@deleeuwlaw.com<br><br>**MIGLIACCIO & RATHOD LLP**<br>Nicholas A. Migliaccio (*pro hac vice*)<br>Jason S. Rathod (*pro hac vice*)<br>Mark D. Patronella (*pro hac vice*)<br>412 H. Street NE<br>Washington, DC 20002<br>T: (202) 470-3520<br>nmigliaccio@classlawdc.com<br>jrathod@classlawdc.com<br>mpatronella@classlawdc.com<br><br>**SCOTT HIRSCH LAW GROUP PLLC**<br>Scott David Hirsch (*pro hac vice*)<br>6810 N. State Road 7<br>Coconut Creek, FL 33073<br>T: (561) 569-6283<br>scott@scotthirschlawgroup.com | /s/ Patrick M. Brannigan<br>Patrick M. Brannigan (DE No. 4778)<br>Jessica L. Reno (DE No. 5950)<br>**ECKERT SEAMANS CHERIN &<br>MELLOTT, LLC**<br>222 Delaware Avenue, Suite 700<br>Wilmington, DE 19801<br>T: (302) 574-7400<br>pbrannigan@eckertseamans.com<br>jreno@eckertseamans.com<br><br>**KLEIN THOMAS LEE & FRESARD**<br>Stephen A. D'Aunoy (*pro hac vice*)<br>Scott H. Morgan (*pro hac vice*)<br>100 N. Broadway, Suite 1600<br>St. Louis, MO 63102<br>T: (314) 888-2970<br>steve.daunoy@kleinthomaslaw.com<br>scott.morgan@kleinthomaslaw.com<br><br>*Attorneys for Defendant FCA US LLC* |

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
David A. Goodwin (*pro hac vice*)
Mary M. Nikolai
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

**KELLER ROHRBACK L.L.P.**
Gretchen Freeman Cappio (*pro hac vice*)
Ryan McDevitt (*pro hac vice*)
Emma Wright (*pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
T: (206) 623-1900
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com
ewright@kellerrohrback.com

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller
Sharon S. Almonrode
Dennis A. Lienhardt
950 West University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

*Attorneys for Plaintiffs*

* * *

**SO ORDERED** this _____ day of _____ 2025.

_____
THE HONORABLE MARYELLEN NOREIKA
United States District Court Judge